May Term,
1845.

### DOTY *v.* THE STATE.

DOTY
v.
THE STATE.

| 7b 427 |
| 147 362 |

| 7b 427 |
| 151 118 |

In a criminal cause taken by a change of venue from one Circuit Court to another, the record on a writ of error must show, not only that the Court before which the indictment was found, but also that the Court which tried the cause, had jurisdiction of the offence.

The jurisdiction of the Court that tried the cause can be shown only by a statement, in the nature of a caption to its proceedings, that the indictment was filed there, and that the prisoner was tried upon it.

The indictment should also constitute a part of the record of the last-mentioned Court.

The Court, on the trial of such cause, instructed the jury as follows : " If the defendant has omitted to avail himself of evidence within his reach, by which he might have repelled that which was offered to his prejudice, his omission to do so supplies a strong presumption that the charge is well founded." *Held*, that the instruction was erroneous.

ERROR to the *Allen* Circuit Court.

*Monday,*
*June 23.*

DEWEY, J.—This was an indictment, found in the *Steuben* Circuit Court against the plaintiff in error, for the murder of *Lorenzo G. Noyes.* The prisoner, upon his arraignment, having pleaded not guilty, a jury was impanelled for his trial. The jury, not being able to agree upon their verdict, were discharged with the consent of the prisoner, who, thereupon, applied for and obtained a change of venue. The cause was ordered to the county of *Allen* for trial, and the clerk was directed to transmit a transcript of the proceedings, and the original papers, to the Circuit Court of that county. The transcript containing a copy of the indictment was duly filed according to the order; and the Circuit Court of *Allen* county proceeded to try the prisoner upon the issue joined in the *Steuben* Circuit Court. The trial resulted in the conviction of the prisoner of murder in the second degree, and his being sentenced to the state-prison at hard labour for life. But it does not appear that the indictment was ever filed, or recorded, in the *Allen* Circuit Court. For aught that is shown, the prisoner was tried on the transcript of the proceedings in the *Steuben* Circuit Court.

Among other instructions given to the jury, and excepted to by the prisoner, is the following, viz.: " That if the defendant has omitted to avail himself of evidence within his reach, by which he might have repelled that which was offered to

his prejudice, his omission to do so supplies a strong presumption that the charge is well founded."

The questions presented for our consideration are, 1. Does the record show that the *Allen* Circuit Court had the right to take cognizance of the cause? and, 2. Was the charge to the jury right?

Whenever a criminal cause is removed from an inferior to a superior Court by *certiorari*, or writ of error, the caption of the indictment must show that the Court, before which the indictment was found, had jurisdiction of the offence charged against the prisoner. 1 Chitt. C. L. 327. It is evident that, under our practice of changing the venue in criminal cases from one Circuit Court to another, it must appear on a writ of error, not only that the Court before which the indictment was found, but also that the Court which tried the cause, had jurisdiction of the offence. The jurisdiction of the latter Court can only be shown by a statement, in the nature of a caption to its proceedings, that the indictment was there filed; and that the prisoner was tried upon it. The indictment should also constitute a part of the record of that Court. The record before us contains no statement that the indictment was ever filed in the *Allen* Circuit Court, nor that the prisoner was put to his trial upon it; nor does it appear to have been recorded there. The transcript containing a copy of the indictment was filed; but it was the indictment itself, and not a transcript of the proceedings of the *Steuben* Circuit Court, which could authorize the *Allen* Circuit Court to exercise jurisdiction over the cause. The omission to show jurisdiction in the Court below must be fatal to its judgment.

But independently of this point, there is an error in the charge to the jury which must have reversed the judgment. It is undoubtedly true, that when circumstances are proved which induce a strong suspicion of the prisoner's guilt, but which, if untrue, it is manifest he can disprove, or, if reconcileable with his innocence, he can explain, and he fails to disprove or explain them, the jury are authorized to draw from such failure a forcible inference against him. 2 Stark. Ev. 937. But this inference is merely a presumption of fact, and does not constitute a presumption of law to be given by the Court to the jury as a fixed and binding rule of jurisprudence. The failure is a circumstance which, like any other

circumstantial evidence, the jury are to weigh, and of the <span>May Term, 1845.</span> weight and tendency of which they are the sole judges. Something beyond this doctrine is contained in the charge under consideration. The jury were instructed, that if the prisoner had within his reach evidence by which he could have repelled the evidence which had been given against him, and he failed to produce it, the failure raised a strong pre-sumption of his guilt. If, as the hypothesis contained in the charge implies, the prisoner actually had it in his power to repel and explain away the force of the adverse evidence, it is difficult to perceive how his failure to do so could raise a presumption of his guilt. The hypothesis itself presupposes his innocence whether he adduced the rebutting evidence or not; for if such evidence be admitted to be in his power, the presumption is that he is innocent.

Many objections to the legality of the proceedings of the *Allen* Circuit Court, besides those which we have noticed, were made; but we have deemed it unnecessary to consider them, as they may not arise in any future trial of this cause.

*Per Curiam.*—The judgment is reversed. Cause remand-ed, &c.

*J. B. Howe*, *D. H. Colerick*, and *J. G. Walpole*, for the plaintiff.

*A. A. Hammond* and *S. Major*, for the state.