May Term,
1861.

SAWYER
v.
THE STATE.

</div>

---

## SAWYER *v.* THE STATE.

Where a change of venue is granted in a criminal cause, the record of the proceedings must show, affirmatively, that the original indictment was, in accordance with the requirements of the statute, deposited in the clerk's office of the county to which the cause was sent.

APPEAL from the *Johnson* Circuit Court.

DAVISON, J.—This was a prosecution instituted in the *Hendricks* Circuit Court, against *Iredel Sawyer* and *Thornton Sawyer;* against the former, for the murder of *James Cooper,* and against the latter as an accessory before the fact. The indictment was returned into Court on *August* 23, 1859;

<div style="float:right">

*Tuesday,*
*May* 28.

</div>

the title thereof entered on the order book of the Court, and the same duly recorded in the indictment record of *Hendricks* county. At the *August* term, 1859, *Thornton Sawyer* was tried separately, and convicted; and at the *February* term, 1860, *Iredel Sawyer*, on affidavit, obtained a change of venue to *Johnson* county. And it was thereupon ordered, that the clerk of the *Hendricks* Circuit Court make out a certified copy of the proceedings therein, and transmit the same, together with all the necessary papers in the cause, to the clerk of *Johnson* county; and it was further ordered that the defendant, *Iredel Sawyer*, be committed to the custody of the sheriff of said county. There is in the record before us, what purports to be a certified transcript of the proceedings in the cause before the *Hendricks* Circuit Court, which professes to set out a copy of the indictment; but it does not appear that the indictment itself, was ever filed in, or transmitted to, the *Johnson* Circuit Court. At a term of that Court held in *May*, 1860, the defendant moved to be discharged, on the ground that said Court had no jurisdiction of the cause; but his motion, the Court having inspected the premises, was overruled, and he excepted. Afterward, at the *September* term, 1860, of the same Court, the issue was submitted to a jury, who returned the following verdict: " We, the jury, find the defendant guilty, as charged in the indictment, of murder in the first degree; and assess his punishment for life in the State prison." The defendant thereupon moved for a new trial, and in arrest; but his motions were overruled, and judgment rendered on the verdict. As has been seen, the record fails to show that the indictment charging the crime " was ever filed in, or transmitted to, the *Johnson* Circuit Court;" but it does show, " that the defendant, at an early stage of the proceedings in that Court, moved his discharge from the prosecution on the ground of want of jurisdiction." Hence, the inquiry arises, can this Court intend that the case made against the defendant was legitimately before the *Johnson* Circuit Court. The statute in relation to changes of venue, says: " When the affidavit is founded upon excitement, or prejudice in the county, against the defendant, the Court may, in its discretion,

grant a change of venue to the most convenient county. The clerk must thereupon make a transcript of the proceedings and order of the Court, and having sealed up the same with the *original papers*, deliver them to the sheriff, who must, without delay, deposit them in the clerk's office of the proper county, and make return accordingly." 2 R. S., § 78, p. 371. Now it is evident that the indictment in this case was an *original paper* in the cause, and the Court to which the change was taken had no right to proceed in the trial, unless such paper was legally before it; because its jurisdiction so to proceed depended, alone, upon a previous compliance with the statute authorizing the change. *Buchanan* v. *Port*, 5 Ind. 264. And it may be assumed as a settled rule of law, that the record of the proceedings, in cases like the present, should affirmatively show that the indictment was, in accordance with the requirement of the statute, deposited in the clerk's office of the proper county. *Doty* v. *The State*, 7 Blackf. 427, is precisely in point. There it was held, that, " In a criminal cause taken from one Circuit Court to another, the record, on writ of error, must show not only that the Court before which the indictment was found, but also that the Court which tried the cause, had jurisdiction of the offense;" and that the "jurisdiction of the latter Court can be shown only by a statement, in the nature of a caption to the proceedings, that the indictment was filed there, and that the prisoner was tried upon it." In the case at bar, as in the one cited, " the transcript, containing a copy of the indictment, was filed; but it was the indictment itself, and not a transcript of the proceedings" of the *Hendricks* Circuit Court, "which could authorize" the *Johnson* Circuit Court "to exercise jurisdiction in the cause." The record before us contains no statement of the indictment having been filed, or deposited, in the *Johnson* Circuit Court; and for aught that appears, he was tried on the transcript from the *Hendricks* Circuit Court. As jurisdiction in the lower Court is not shown in the record, the judgment can not, in our opinion, be sustained. Other points are made in the argument, but the Court having no power to try the case, they do not properly arise in the record.

May Term,
1861.

McClasky
v.
Grand
Rapids, &c.
Railroad Co.

*Per Curiam.*—The judgment is reversed. Cause re-manded, &c.

The clerk is directed to notify the keeper of the State prison of this decision.

*C. C. Nave, S. J. Oyler* and *Woollen*, for the appellant.

*J. E. McDonald*, Attorney-General, for the State.