May Term,
1861.

PULLING
v.
THE STATE.

---

## PULLING *v.* THE STATE.

Where a criminal cause is sent from one county to another, on change of venue, the record must show that a transcript of the proceedings in the Court from which the change is taken, was filed in the Court to which it is taken; and such transcript must show, among other things, the empanneling of the grand jury, and the return by that body of the indictment into Court.

Monday,
June 17.

APPEAL from the *Daviess* Circuit Court.

WORDEN, J.—*Pulling* was tried for murder, in the *Daviess* Circuit Court, convicted, and sentenced to imprisonment for life; motions for a new trial, and in arrest of judgment, being overruled.

The prosecution originated in the *Knox* Circuit Court, and appears to have been taken, on change of venue, to the county of *Daviess*.  It appears by the record, that the papers in the

cause, together with the indictment, were filed in the latter Court, but no transcript of the proceedings in the *Knox* Circuit Court appears in the record. Such transcript should have accompanied the papers. 2 R. S. 1852, § 78, p. 371.

One of the errors assigned is, that the record does not show that the indictment was ever returned, in any Court, by the grand jury. This is a fatal objection to the proceedings. " It is evident," say the Court, in the case of *Doty* v. *The State*, 7 Blackf. 428, " that under our practice of changing the venue in criminal cases, from one Court to another, it must appear, on a writ of error, not only that the Court before which the indictment was found, but also that the Court which tried the cause, had jurisdiction of the offense." Here, there is nothing to show the jurisdiction of the *Knox* Circuit Court. There should have been a transcript of the proceedings of the *Knox* Circuit Court filed in the *Daviess* Circuit Court, showing, among other things, the empanneling of the grand jury and the return by that body of the indictment, into Court.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*C. M. Allen*, *N. Usher* and *John Baker*, for the appellant.
*J. E. McDonald*, Attorney General, for the State.