*B. F. Claypool, B. L. Smith,* and *A. B. Campbell,* for appellee.

———————◆———————  ◆

## Tyner and Another *v.* Adams.

Assignment of Errors.—*New Trial.*—Where the overruling of a motion for a new trial is not assigned as error, the Supreme Court will not consider any error properly constituting a cause for a new trial, though it be assigned as error.

APPEAL from the Franklin Circuit Court.

Worden, J.—This was an action by the appellee against

the appellants to foreclose a mortgage.   Trial by the court; finding and judgment for the plaintiff, a motion for a new trial being overruled.

There is no assignment of error upon any ruling of the court upon the pleadings in the cause, nor upon the ruling of the court in overruling the motion for a new trial.   The errors assigned are all such as were proper to be considered on a motion for a new trial, and as no error is assigned on the ruling upon that motion, the record presents no question for our consideration.   This was decided several times by the late court, and the decisions have been followed several times by the court as at present constituted.

The judgment below is affirmed, with costs and five per cent damages.

### ON PETITION FOR A REHEARING.

WORDEN, J.—The counsel for the appellants have filed an earnest petition for a rehearing in this cause, and insist that the assignments of error are sufficient to raise the questions involved in overruling the motion for a new trial, although the overruling of that motion is not assigned for error.

The counsel say in their petition that they "do not think that the late court ever held that, notwithstanding the errors assigned in this court were contained in the motion for a new trial, yet that there must be a special assignment of error on the overruling of said motion."

We quote here an opinion of the "late court" on this subject, in the case of *Herrick* v. *Bunting*, 29 Ind. 467.

"ELLIOTT, J.—The errors assigned in the case relate exclusively to matters properly presented as causes for a new trial.   A motion for a new trial was made and overruled, but that ruling is not assigned for error.   The questions discussed by the appellant's counsel are therefore not properly before us, and hence we cannot pass upon them."

To the same effect are two other cases in the same volume, decided by the late court, viz.: *Whitinger* v. *Nelson*, 441;

*Caldwell* v. *Asbury*, 451. Again, in the case of *Stilwell* v. *Chappell*, 30 Ind. 72, the same court say, "There are a number of questions argued in the brief by appellant's counsel, but as they all should be included in a motion for a new trial, and no error is assigned upon the action of the court in overruling such a motion, we cannot consider them without a disregard of the law." Still later, in the case of *Lingerman* v. *Nave*, 31 Ind. 222, the same court say, "The only errors complained of relate to matters occurring on the trial, and for which a new trial was prayed; but the action of the court in overruling the motion for a new trial is not assigned for error. No question, therefore, is properly raised by the assignment of errors." There may be, and probably are, other cases to the same effect decided by the late court, but the above will show sufficiently the views of that court on the subject. These decisions are, of course, generally known to the profession, and establish the practice in this respect. In following them, we are not originating any new departure, but are treading in the beaten path of our predecessors. We have already, in quite a number of unreported cases, followed these cases. We are content with them. They are founded, as we think, on a correct theory of the practice under the code. They furnish the established rule of practice, and we have no inclination to overrule them, or change the practice in this respect.

The petition for a rehearing is overruled.

*W. Morrow* and *N. Trusler*, for appellants.

*R. M. Goodwin* and *L. Howland*, for appellee.