Adell *v.* The State.

—————●—————

ADELL *v.* THE STATE.

| 34 | 543 |
|----|-----|
| 141 | 112 |
| 34 | 543 |
| 145 | 278 |
| 34 | 543 |
| d157 | 575 |

CRIMINAL LAW.—*Indictment.*—*Assault with Felonious Intent.*—Since the taking effect of. the act of December 2d, 1865 (3d Ind. Stat. 258), defining an assault, an indictment for an assault with intent to commit a felony must charge the assault by setting forth the facts constituting it according to said statutory definition.

SAME.—*Change of Venue.*—*Transcript.*—Where in a criminal cause taken by a change of venue from one circuit court to another, no transcript, or an insufficient transcript, of the proceedings in the former court has been filed in the latter court, and the defendant has moved the court, for that reason, to quash the proceeding and dismiss him, it is not error for the court to permit the prosecuting attorney, on his motion, to place such transcript on file.

SAME.—*Original Indictment.*—Upon a change of venue in a criminal case from one circuit court to another the transcript of the proceeding in the former court should show the transfer of the original indictment to the latter court.

APPEAL from the Pulaski Circuit Court.

DOWNEY, J.—This was a prosecution for an alleged assault with intent to commit a rape, which originated in the Fulton Circuit Court, and, on application of the defendant for a change of venue, was transferred to the Pulaski Circuit Court.

There was a motion made by the defendant, in the Fulton Circuit Court, to quash the indictment, which was overruled, to which ruling the defendant excepted.

In the Pulaski Circuit Court the defendant moved the court to quash the proceeding and discharge him, because no transcript of the proceedings in the Fulton Circuit Court had been filed in that court. Whereupon the prosecuting attorney moved the court for leave to file such transcript, which motion was granted, the transcript filed, and the motion of the defendant overruled, to which he excepted.

There was then an arraignment, plea of not guilty, trial by jury, verdict of guilty, motion for a new trial overruled, and sentence pronounced against the defendant.

The defendant assigns as error, first, the overruling the motion to quash the indictment; second, the overruling the motion to discharge him on account of the insufficiency of the transcript; third, that the record does not show that he was indicted by a lawfully constituted grand jury, and that there is no record of the organization of the court.

· The indictment is as follows:

"THE STATE OF INDIANA, *vs.* John B. Adell. } In the Fulton Circuit Court, August term, 1870.

The State of Indiana, county of Fulton, *ss.*

The grand jurors for the county of Fulton, upon their oath, present that John B. Adell, on the 2d day of March, 1870, at the county of Fulton and State of Indiana, did then and there feloniously, purposely, and unlawfully, make and perpetrate an assault in and upon one Mary Edgington, a woman, with the felonious intent to then and there forcibly ravish and have carnal knowledge of said Mary Edgington, against her will, against the peace and dignity of the State

Adell *v*. The State.

of Indiana, and contrary to the form of the statute in such case made and provided.    MICHAEL L. ESSICK,

Deputy Pros. Att'y."

The objection urged to the indictment is, that it does not charge the assault according to its legal definition. Prior to 1865, though it was well enough understood what constituted an assault according to the common law, we had in this State no statutory definition thereof. By an act of December 2d, 1865, 3 Ind. Stat. 258, the legislature declared, that "an assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," &c.. In every indictment for an aggravated assault or assault and battery, it is necessary to charge, in the appropriate terms, the minor offense, and then allege the particular felony which the accused intended to commit. If the minor offense is not properly charged, there is no foundation for an allegation of an intent to commit the higher crime. Is it enough for the pleader to say, as in this case, that the defendant did make and perpetrate an assault? Would it do to allege that an accused party did make and perpetrate an assault and battery upon a designated person? Must not the pleader set forth the facts which show that the accused is guilty of the imputed offense according to its legal definition? It may be that indictments similar in form to this may have been in use in this State prior to the enactment of the statute defining an assault. But since the legislature has furnished a definition of an assault, and thus placed it in the same category with other defined offenses, we must apply, in prosecutions for that offense, the same rule which is applied to prosecutions for other offenses; that is, that the offense must be described according to its statutory definition, by stating all the facts necessary to show that the act is in violation of the statute. A learned jurist of this State has, with reference to the statute of 1865, furnished the following precedent:

"The grand jurors for the county of Floyd, and State of Indiana, upon their oath present, that A. B., on the third day

of August, A. D. 1864, at said county, did feloniously attempt to commit a violent injury upon the person of C. D., he, the said A. B., then and there having a present ability to commit said injury, by then and there feloniously, purposely, and with premeditated malice, shooting at and against the said C. D., with a certain gun, then and there loaded with gun powder and leaden shot, which the said A. B. then and there in both his hands had and held, with intent then and there and thereby, him, the said C. D., feloniously, purposely, and with premeditated malice, to kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana. E—— F——, Pros. Att'y."

Bicknell Crim. Prac. 479; *Malone* v. *The State*, 14 Ind. 219; *State* v. *Bougher*, 3 Blackf. 307.

The other alleged errors may be considered together. We think it was proper for the court to allow the prosecuting attorney to place on file the transcript, as was done. Bicknell Crim. Prac. 230. But this transcript was itself insufficient. It failed to show, nor does the record before us show, that the orignal indictment had been transferred to the Pulaski Circuit Court, or that it was there when the case was tried. Without this, that court had no jurisdiction to put the defendant on his trial. *Doty* v. *The State*, 7 Blackf. 427; *Sawyer* v. *The State*, 16 Ind. 93.

The judgment is reversed, the cause remanded, and the circuit court directed to sustain the motion to quash the indictment. The clerk of this court is directed to certify to the keeper of the state prison, who is directed to return the prisoner to the custody of the sheriff of Pulaski county.

*W. H. Calkins*, for appellant.

*B. W. Hanna*, Attorney General, and *M. L. Essick*, for the State.