## REINHART *v.* THE STATE.

ASSIGNMENT OF ERROR.—*New Trial.*—When error is assigned upon the overruling of a motion for a new trial, such assignment brings in review all the grounds properly made the basis of the motion, and they need not be assigned as error. Where the overruling of the motion for a new trial is not assigned as error, no question as to reasons properly assigned in such motion can be presented to the Supreme Court.

From the Jefferson Circuit Court.

*J. R. Cravens,· C. A. Korbly*, and *J. Roberts*, for appellant.
*J. C. Denny*, Attorney General, for the State.

WORDEN, J.—This was a prosecution against the appellant for selling intoxicating liquor without a permit. Plea of not guilty, trial by the court, finding and judgment against the defendant, a motion for a new trial having been overruled, and exception taken.

The following are the only errors assigned:

1. The court erred in overruling defendant's objection to the admission in evidence, by the State, of the record of conviction in the case of *The State* v. *Johnson Conway.*

2. The finding of the court was contrary to the evidence.

3. The finding of the court was contrary to law.

4. The judgment rendered was contrary to the evidence and the law.

There is no assignment of error upon the overruling of the motion for a new trial.

The admission of illegal testimony, and that the verdict or finding is contrary to law or evidence, are made grounds for a new trial in criminal cases. 2 G. & H. 423, sec. 142. The motion for a new trial was made on these grounds, and the available error committed, if any, was in overruling the motion. There being no error assigned upon the overruling of the motion, there is no question presented for our consideration. This has been decided so often that we shall not here take the trouble to collect the cases on the subject. We may refer, however, to the case of *Tyner* v. *Adams,* 34 Ind. 401, as referring to some of the previous decisions. There is probably not a subsequent volume of our reports, in which like decisions are not found. We may add that where error is assigned upon the overruling of a motion for a new trial, such assignment brings in review all the grounds properly made the basis of the motion, and they need not be assigned as error.

The judgment below is affirmed, with costs.