BISHOP v. THE STATE.

CRIMINAL LAW.—*Arrest of Judgment.— Verdict.—*It is not a ground for a motion in arrest of judgment in a criminal action, that the verdict provides for disfranchisement in addition to imprisonment, while the law does not inflict disfranchisement as a part of the penalty for the crime charged.

From the Marion Criminal Circuit Court.

*L. Jordan* and *H. Jordan,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

PETTIT, C. J.—Indictment, in two counts, for an assault and battery with intent to murder. Plea of not guilty. Trial by jury, and verdict in these words: " We, the jury, find the defendant guilty, as charged in the indictment, and that he be fined in the sum of one dollar, and imprisoned in the state prison for a period of ten years, and be disfranchised, and be rendered incapable of holding any office of trust or profit for a term of ten years."

The judgment followed this verdict, in form and words. There was no objection taken in the court below of any kind, except by a motion in arrest of the judgment; and it is argued here, under the assignment of error for overruling that motion, that the judgment ought to have been arrested because of the addition of disfranchisement to the penalty of imprisonment, when the law does not inflict disfranchisement as a part of the penalty for the crime charged.

Our criminal code only allows an arrest of judgment for two causes: 1. Want of jurisdiction of the court over the offence charged. 2. That the facts stated do not constitute a felony or misdemeanor. 2 G. & H. 424, sec. 144; *Lowe* v. *The State,* 46 Ind. 305. Neither of these points is raised or exists in this case.

The judgment is affirmed, at the costs of the appellant.