McGUIRE v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Assault and Battery with Intent.*—In an indictment for an assault and battery with intent to commit a felony, if an assault and battery be properly charged, it is not necessary to also charge an assault, as it would be described in an indictment for an assault with intent to commit a felony.

SAME.—*Intent to Commit Rape.*—" *Unlawfully.*"—*Motion to Quash.*—Where, in an indictment for an assault and battery with intent to commit a rape, the word " unlawfully " or an equivalent word is not used in charging the intent, the indictment is bad as to the intent, but if there be a good charge of an assault and battery the entire indictment should not be quashed.

SAME.—*Arrest of Judgment.*—If the facts stated in an indictment constitute a public offence, judgment may not be arrested because the indictment is defective.

SAME.—*Verdict Contrary to Law.*—Under an indictment for an assault and battery with intent to commit a rape, in which an assault and battery is well charged, but the charge of the intent is insufficient, a verdict in which the defendant is found guilty, not only of the assault and battery, but also of the felonious intent, is contrary to law.

From the Marion Criminal Circuit Court.

McGuire v. The State.

*I. Klingensmith,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

BUSKIRK, J.—The appellant was convicted of an assault and battery with an intent to commit a rape upon a female child under the age of twelve years, and sentenced to the state prison for the term of five years.

A motion to quash the entire indictment was overruled, and an exception taken.

A motion for a new trial, for the reasons that the verdict was contrary to law and not sustained by sufficient evidence, was made and overruled. Proper exception.

A motion in arrest of judgment was made and overruled. Proper exception.

Three errors are assigned:

1. That the court erred in overruling the motion to quash the indictment.

2. That the court erred in overruling the motion for a new trial.

3. That the court erred in overruling the motion in arrest of judgment.

The indictment is the same as in *Greer* v. *The State, ante,* p. 267, where it was held that the motion to quash the entire indictment was properly overruled, because the indictment contained a good charge of an assault and battery. It is now insisted that the indictments in that case and in the present case are bad, because they do not charge an assault according to the definition given of that offence in the statute, and in support of this position we are referred to the case of *Adell* v. *The State,* 34 Ind. 543. That was an indictment for an assault with the intent to commit a rape, and it was held that the indictment was bad, for the reason that it did not properly charge the minor offence in the language of the act of December 2d, 1865, 3 Ind. Stat. 258. The ruling in that case was clearly right, for an indictment for assault or an assault and battery with the intent to commit a felony must properly charge the minor offence. But where an assault and battery is charged, which

includes an assault, it is not necessary to otherwise charge an assault. In the case of *Greer* v. *The State, supra,* and in the present case, an assault and battery is properly charged, but the intent is not properly charged, for the reason that the word " unlawfully ." or " feloniously " is not used.

The motion to quash the entire indictment was properly overruled, because there was a good charge of an assault and battery. The motion should have been to quash the intent charged. It would have been error to have overruled that motion.

The same question is sought to be raised by the motion in arrest of judgment, but that motion did not reach a defective indictment. *Bishop* v. *The State, ante,* p. 125.

This leaves for decision the question whether the court erred in overruling the motion for a new trial.

As we have seen, the indictment contains a valid charge for an assault and battery, but not a valid charge of the intent to commit the crime of rape. The jury found the appellant not only guilty of the minor offence, but of the felonious intent, and the court sentenced him to the state prison for the term of five years, upon an indictment which only contained a valid charge of an assault and battery. The question arises, whether a verdict which finds a person guilty of a crime with which he is not charged can be sustained. We think it cannot. Under the indictment, the jury possessed no power to find the appellant guilty of any crime but that of an assault and battery. That portion of the verdict which found the appellant guilty of the intent to commit a rape was outside of and beyond the issue which they possessed the legal power to pass upon.

The fifth reason for a new trial in a criminal cause is, that the verdict is contrary to law or evidence. What is meant by a verdict being contrary to the law? In *Bosseker* v. *Cramer,* 18 Ind. 44, a definition of the phrase " contrary to law " was given in these words:

" We think that a verdict which is contrary to law, is one which is contrary to the principles of law as applied to the

McGuire *v*. The State.

facts which the jury were called upon to try; contrary to the principles of law which should govern the cause."

The court then quote, with approval, the following language from a distinguished elementary writer, namely:

"After all reasonable precaution and care on the part of the counsel and the court, and the best intentions on the part of the jury, they may err in their finding. Through ignorance, or misapprehension of the law, they may agree upon a verdict which is subversive of law. With a view to promote what they conceive to be the justice of the case, and swayed more by their own views of equity than the unyielding principles of law, or hurried away by their own feelings, they are apt to overlook the principles of justice applicable to the case, and thus give rise to a new class of applications to the court, on the ground of *verdict against law.* 1 Graham New Trials, 2d ed., p. 326."

It is a fundamental principle of our system of criminal jurisprudence that a person charged by indictment with one offence cannot be found guilty of a different one. Suppose that the indictment in the present case, instead of charging an assault and battery with the intent to commit a rape, had attempted to charge the commission of a rape, but had failed to charge that it was done unlawfully or feloniously, would any one doubt that a verdict finding the defendant guilty was contrary to law? So here the indictment contains a charge for a misdemeanor only, and yet the appellant has been sentenced to imprisonment in the state prison for the term of five years. It would be a mockery to hold that such a verdict is not contrary to the principles of the law which governs the cause.

A party may be found not guilty of the offence charged, but guilty of any degree inferior thereto, etc. Section 72 of the criminal code, 2 G. & H. 405; *Ex Parte Bradley*, 48 Ind. 548. This shows that a party cannot be found guilty of a crime greater than the one charged.

In our opinion, the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial. The clerk is directed to give the proper order for the return of the prisoner to the jail of Marion county.