## LAYDON v. THE STATE.

CRIMINAL LAW. — *Venue.*— *Evidence.* — On the trial of an indictment for murder, in the Fountain Circuit Court, a witness for the State, who testified to the whole transaction, having been present and having seen it all, concluded his evidence by saying, "This took place" (giving the date) "in Fountain county, Indiana."
*Held*, that the venue was proved.
SAME.—*Arrest of Judgment.*—Where the facts stated in an indictment constitute a public offence of which the court has jurisdiction, a motion in arrest of judgment will not lie.

From the Fountain Circuit Court.

*D. W. Voorhees, J. Ristine, G. McWilliams* and *M. Milford*, for appellant.

*C. A. Buskirk*, Attorney General, and *R. D. Doyle*, for the State.

PETTIT, J. — Indictment for murder; trial; verdict of manslaughter, eight years' imprisonment, and a fine of one dollar. Motions for a new trial and in arrest of judgment were overruled, and judgment was rendered on the verdict. The motion for a new trial calls in question the sufficiency of the evidence only.

The evidence, after a careful examination, we are satisfied, justified the verdict.

It is objected that the venue was not proved. In this the counsel are mistaken. James Lock, a witness for the State, who testified to the whole transaction, having been present

and having seen it all, concludes his evidence in these words: "This took place the 11th of August, 1874, in Fountain county, Indiana." No words could more clearly settle or prove the venue than these.

After the preliminary parts, this was the indictment:

"Did then and there, with force and arms, unlawfully, feloniously, purposely and maliciously, make an assault upon one Daniel Driscoll, then and there in the public peace being; and did then and there, with force and arms, and with a certain knife, which the said Timothy Laydon then and there had and held in his hands, him, the said Daniel Driscoll, then and there, unlawfully, feloniously, purposely and maliciously touch, strike, cut, thrust, bruise and wound, then and there and thereby giving the said Daniel Driscoll, in and upon the left side, near the heart of him, the said Daniel Driscoll, three mortal wounds, each of the width of one inch, and each of the depth of three inches, of which mortal wounds the said Daniel Driscoll did then and there instantly die. And so the grand jurors aforesaid, on their oaths aforesaid, do say that the said Timothy Laydon the said Daniel Driscoll, then and there, in manner and form aforesaid, unlawfully, feloniously, purposely and maliciously did kill and murder; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

This indictment, we hold, was clearly good.

In a criminal case, a motion in arrest of the judgment only raises two questions:

"1. That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court.

"2. That the facts stated do not constitute a public offence." 2 G. & H. 424, sec. 144; *Bishop* v. *The State*, 50 Ind. 125; *Mullen* v. *The State*, 50 Ind. 169; *McGuire* v. *The State*, 50 Ind. 284; *Bond* v. *The State*, at this term, *ante*, p. 457.

An offence was clearly and properly charged, and the

court in which it was made had jurisdiction of it. The motion in arrest was properly overruled.

The judgment below is affirmed, at the costs of the appellant.