## EASTMAN v. THE STATE.

CRIMINAL LAW.—*Practice.*—*Plea of Guilty.*—*Trial by Jury to Assess Punishment.*—The record, on the appeal of a criminal cause to the supreme court, showed that the defendant had pleaded guilty of the charge alleged in the indictment; that then the court receiving such plea, upon its own motion and without objection by the defendant, empanelled a jury to assess his punishment; that over his objection the State was permitted to introduce evidence to sustain the allegations of the indictment; and that, after having been charged by the court, the jury returned a verdict of guilty, fixing the punishment at the minimum penalty which the court could have assessed on such plea of guilty on the face of such indictment. But the evidence given on the trial of the cause was not set out in the record.
*Held,* that the defendant can not complain of such verdict.
SAME.—*Motion in Arrest of Judgment.*—Error of law occurring on the trial of a criminal cause is not ground for a motion in arrest of judgment.

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn,* for appellant.

*W. C. Glasgow,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for appellee.

BIDDLE, J.—The appellant was indicted for feloniously receiving and aiding in the concealment "of five watches, of the value of fifty-seven dollars, twenty watch chains, of the value of twenty-five dollars, fourteen nut picks, of the value of five dollars, eleven gold rings, of the

value of fifty dollars, six penknives, of the value of four dollars," well knowing that the same, before that time, had been stolen. He pleaded guilty to the indictment. The court, upon its own motion, but without objection from the appellant, empanelled a jury to assess the amount of punishment against the appellant. The jury returned the following verdict: "We, the jury, find the defendant guilty as he stands charged in the indictment, and assess his punishment at two years in the state-prison, and that he be fined in the sum of twenty-five dollars, and be disfranchised and rendered incapable of holding any office of trust or profit for one year."

The appellant moved the court for a new trial, assigning various causes therefor; the motion was overruled, and exceptions taken. The appellant then moved "the court to arrest the judgment herein, for the reason that no lawful verdict has been rendered in the cause; that the court had no power or authority to empanel a jury to assess the punishment upon the defendant's plea of guilty, and that the verdict so rendered is a nullity and utterly void." This motion was overruled, and exceptions reserved. The court rendered judgment according to the verdict.

The case is presented as if it was tried by a jury on a plea of guilty, with a verdict of guilty, and the punishment regularly assessed. There is a bill of exceptions in the record, but it does not purport to set out all the evidence, nor indeed does it contain any evidence. It simply recites, that, " over the objection of the defendant, the court allowed and permitted the state, by her attorney, to present and introduce evidence to the said jury, tending to prove the commission of the offence charged in the indictment, and tending to prove the value of the goods alleged in the indictment to have been stolen, and tending to prove the declarations and statements of the defendant, made prior to his arrest, with reference to his knowledge of and concerning the said alleged stolen goods, and

of and concerning the stealing of the same, etc., etc.,'' but in no part of the bill of exceptions is the evidence itself shown, or the testimony of a witness given. The instructions of the court to the jury are set out, and we think they were properly given, but it is quite immaterial, as the record presents no available error. The punishment of the crime charged would have been, under the plea of guilty, the same as the punishment of larceny committed in stealing the same goods, which, upon the face of the indictment, would have been grand larceny, and the punishment could not have been less than two years imprisonment. 2 R. S. 1876, p. 434, sec 22. *Maynard* v. *The State*, 14 Ind. 427. As the punishment of the appellant, under his plea, could not have been less than that found by the jury, he can not complain of intending error, for the reason, that, by the whole record, it is plain he has not been injured. It is stated in the brief on behalf of the appellant that he " is a boy seventeen years old," but we can find no evidence of the fact in the record.

The motion in arrest of judgment was properly overruled. In our practice there are but two grounds for such a motion in criminal cases :

" *First*. That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court.

" *Second*. That the facts stated do not constitute a public offence." 2. R. S. 1876, p. 409, sec. 144. *Bishop* v. *The State*, 50 Ind. 125 ; *Mullen* v. *The State*, 50 Ind. 169 ; *McGuire* v. *The State*, 50 Ind. 284 ; *Bond* v. *The State*, 52 Ind. 457 ; *Laydon* v. *The State*, 52 Ind. 459.

The grounds alleged in support of a motion in arrest of judgment in this case are not sufficient.

The judgment is affirmed, with costs.