Dawson *et al. v.* The State.

---

## DAWSON ET AL. *v.* THE STATE.

CRIMINAL LAW.— *Verdict.—Acquittal.*—A verdict finding a defendant guilty of a crime charged in one count of an indictment, without any special finding as to other counts thereof, operates as an acquittal on the latter.

SAME.—*Indictment.—Arrest of Judgment.*—Where an indictment charges a public offence, a motion in arrest can not be sustained for defects on its face.

Dawson *et al. v.* The State.

SAME.—*Indictment Cured by Verdict.—Burglary with Intent to commit Larceny.*—After verdict, where no motion to quash has been made, an indictment for burglary with intent to commit larceny is not insufficient, on motion in arrest, merely on account of the omission of the word "personal" as descriptive of the "goods and chattels" which the defendant is alleged to have intended to steal.

SAME.—*Evidence.—Possession of Stolen Goods.*—Where, on the trial of such indictment, the evidence shows the defendant to have been in the immediate locality of the alleged burglary, both before and after its commission, and that he had possession, and sold or otherwise disposed, of goods stolen in connection with such burglary, the Supreme Court will not disturb a verdict of guilty on account of the absence of evidence that the defendant broke into the building mentioned in the indictment.

From the Fountain Circuit Court.

*H. H. Dochterman,* for appellants.

*C. A. Buskirk,* Attorney General, and *T. L. Stilwell,* Prosecuting Attorney, for the State.

BIDDLE, C. J.—Indictment in two counts, against the appellants. The first count charges, omitting the formal, introductory part of the indictment, " that John Dawson and James Burton, late of said county, on or about the 30th day of July, A. D. 1877, at and in said county and State aforesaid, did then and there, in the night-time, unlawfully, feloniously and burglariously break and enter into the storehouse of Newton Boord, then and there situate, with the intent, the goods and chattels of the said Newton Boord, then and there being, then and there, unlawfully, feloniously and burglariously to steal, take and carry away, contrary," etc.

The second count of the indictment, charging the appellants with larceny, need not be stated, for reasons which will appear in the course of this opinion.

The appellants pleaded not guilty to the indictment, were tried by a jury, and found guilty of burglary, as charged in the first count. No express finding was had upon the second count. This was a legal acquittal of the larceny, and leaves the case

before us the same as if the second count of the indictment was not in the record. After verdict, the appellants moved the court for a new trial. Their motion was overruled, and exceptions reserved. They then moved in arrest of judgment, on the ground that the facts stated in the first count of the indictment do not constitute a public offence. This motion was also overruled, and exceptions reserved.

The counsel for appellants, in his brief, discusses three questions:

1. That the first count in the indictment does not contain facts sufficient to constitute a public offence;

2. That the court below erred in overruling appellants' motion in arrest of judgment; and,

3. That the court below erred in overruling the appellants' motion for a new trial.

As no motion was made to quash the indictment, the first question raised is not before us, except as a basis for the second.

The objection taken to the first count of the indictment, under the second question, is, that the felony intended to be committed in connection with the breaking is insufficiently alleged, and that the defect lies in the want of the word " personal," to give character to the goods and chattels intended to be stolen. Whether this alleged defect would be fatal to an indictment merely charging a larceny, we do not decide ; and whether the first count of the indictment before us could have withstood a motion to quash, we do not decide ; but we are clearly of the opinion that, after verdict, it must be held good. When an indictment charges a public offence, a motion in arrest of judgment can not be sustained for defects upon its face. *Bishop* v. *The State*, 50 Ind. 125 ; *McGuire* v. *The State*, 50 Ind. 284 ; *Laydon* v. *The State*, 52 Ind. 459.

Under the third question, the counsel for appellants insists, that the evidence given in the case does not sustain

the verdict. It shows clearly that the storehouse was broken open during the night of July 30th, 1877, and that a larceny was committed at the same time and place, and tends strongly to show that the appellants were at a scale house near the storehouse, on the evening of the same night; that, on the morning next after the burglary and larceny were committed, they were at the store-house; that, on the 1st day of August, 1877, the two appellants were met in the highway, in the vicinity, each carrying a bundle of the stolen goods, and that Dawson sold his bundle to Cales, his father-in-law, without measuring or examination; and that, on the 3d day of August, 1877, Dawson was at Watseka, Illinois, with a bundle of goods, and said to a woman there, "We have a lot of goods, and I want you to make them up for me and the children." The appellants, in their testimony, state essentially the same facts, except that they deny breaking into the storehouse and stealing the goods, and deny having any of the goods at any time. The jury that tried the case saw the stolen goods, heard the witnesses testify, and we think the evidence is such as would fairly convince them beyond a reasonable doubt, that the appellants committed the burglary, as charged in the first count of the indictment.

There is no judicial reason to disturb the verdict.

The judgment is affirmed, with costs.

Opinion filed, and petition for a rehearing overruled, at November Term, 1877.

This cause, by mistake, was omitted from the proper report.