BERG v. STATE OF INDIANA.

[No. 26,496. Filed April 16, 1935. Rehearing denied May 20, 1935.]

C. W. *Hunsinger*, for appellant.

*Philip Lutz, Jr.*, Attorney-General, and *Ralph E. Hanna*, Assistant Attorney-General, for the State.

FANSLER, C. J.—Appellant was convicted of assault and battery with a deadly weapon, with intent to rob, and was sentenced to imprisonment for life. Appellee has moved to dismiss the appeal upon the ground that appellant's brief does not comply with the rules of this court, and does not present any question for review.

The brief contains a sufficient statement of the nature of the action, in which the affidavit is set out, of what the issues were, of how the issues were decided, and what the judgment and decree were. This statement includes a copy of the motion for new trial. Under the heading, "Errors Relied Upon for Reversal," it is stated: "The appellant relies mainly upon the first, second, fourth and fifth causes assigned in the motion for a new trial for reversal of the judgment rendered in the Vanderburgh Circuit Court."

Under the heading "V" there is no statement of the record whatever, but certain argumentative matter is set out. Under the heading "VI" appears the following:

"1. The court erred in overruling appellant's motion for a new trial. (Record, pages 15, 16, and 17.)

"a.

"The court erred in overruling defendant's objection to plaintiff bringing in the former court record of the defendant. It is not proper to prove a defendant had been guilty, or convicted or charged with a different offense and it does not prove him guilty as charged. Objection raised in trial court. (*Rheinhart* v. *The State*, 45 Ind. 147.)

"b.

"The court erred in overruling defendant's objection to the admission of defendant's statement or confession obtained by duress, threats, fear and menace. A confession or statement of a defendant is not admissible when such confession was obtained by duress, threat, fear and menace. Objection raised in trial court. (*Sutherland* v. *Rankin,* 56 Ind. 343; *Adams* v. *Bullock,* 26 Ind. A. 477.)

"c.

"Misconduct of assistant prosecuting attorney. Third paragraph in motion for new trial. (*Coleman* v. *State,* 111 Ind. 563.)

"d.

"The verdict of the jury is contrary to law. (*Chapman* v. *State,* 157 Ind. 300; *McGuire* v. *State,* 50 Ind. 284.)

"e.

"The verdict of the jury is contrary to the evidence. (*Chapman* v. *State,* 157 Ind. 300; *Phenix Ins. Co.* v. *The State,* 23 Ind. A. 509.)

"f.

"Two of the jurors not of the regular panel were not called and selected according to law. (Ind. 1926 Statute, Sec. 2158.)"

This is followed by three pages of argument. Neither the record referred to under "a" nor any description of it is set out in the brief. It is asserted that there was some evidence (which is not set out) that the defendant's confession was procured by duress, threats, fear, and menace. It is not asserted that there was no evidence to the contrary, and we gather from the recitals in the brief that the court heard evidence upon that question before admitting the confession. The conduct of the prosecuting attorney, referred to under the letter "c," we assume to be the same that is referred to in the motion for new trial. This consists of the following statement made in argument to the jury: "Berg knew Dr. Baker knew him and it is my

firm conviction he intended to steer the auto over the hill and there kill the physician with the idea that dead men tell no tales." It is not indicated that appellant took any exception to this statement at the time, or that he moved to withdraw the submission. Such a statement does not constitute misconduct. In what respect the verdict of the jury is contrary to law is not suggested. There is no effort or attempt to set out any of the evidence, either by way of condensed recital, in narrative form, or otherwise.

It appears from the argument that appellant admitted the assault, but sought to justify it on the ground of self-defense, and that there was no intention to commit robbery. We quote from the argument: "The preponderance of the evidence is in favor of the defendant. There is no evidence tending to show an attempt to rob except the testimony of James S. Baker. The testimony of James S. Baker is strongly denied by the defendant. There is no preponderance of evidence to show guilt." And again: "There were no other eye witnesses to the fight except the participants and if any charge should have been preferred against the defendant it should have been assault and battery. But the evidence shows that he assaulted the doctor in self-defense, which defendant pleaded."

It seems clear that such a brief is not in substantial compliance with the rules of this court.

No error is presented for consideration by the brief.

But in view of the serious consequence of the judgment, we have considered the brief carefully with a view to determining whether there is any indication of error that prevented appellant from having a fair trial, or prejudiced his substantial rights, and we are convinced by his own brief that there was substantial evi-

dence to sustain a conviction, and that no substantial error was committed at the trial.

Motion to dismiss sustained, and the appeal is dismissed.