## EX PARTE YSIDRO BUSTAMENTE.

No. 20985. Delivered February 14, 1940.

The opinion states the case.

*Frank W. Steinle* and *R. R. Smith,* both of Jourdanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

This is a habeas corpus proceeding.

Relator is under a purported indictment which was returned during the October term, 1939, of the District Court of Atascosa County. The grand jury for that term of court was impaneled at the beginning of the term and, having finished its labor, was by the order of the court discharged for the term on the 18th of October, 1939. Thereafter, on the 24th of October, the court entered an order reconvening the grand jury which had theretofore been finally discharged for the term. Only eleven of the grand jurors who had already been impaneled at the beginning of the term responded to the summons. The court failed to complete the panel as provided in Article 372, C. C. P. The indictment against relator was thereafter returned by the eleven members of the original grand jury, and he is now held in the custody of the sheriff by virtue of a capias based upon such indictment. It is relator's contention that he is held without an indictment preferred by a grand jury, and therefore his restraint is illegal.

We are constrained to agree with relator's contention. In Rainey v. State, 19 Tex. Cr. R. 479, Judge Hurt used language as follows: "But let us concede, for the argument, that the Legislature had, in the most explicit, emphatic and unquestionable language, declared that a grand jury should, may or could be composed of more or less than twelve persons:—the Constitution fixing the number at twelve, neither more nor less, could any man within this State, who is at all familiar with the principles of constitutional government, be found who would assert the validity of such an act? The simple proposition is this:—The Constitution says that a grand jury shall be composed of twelve persons. The Legislature declares that a grand jury shall be composed of thirteen persons. Which shall prevail? Or, which is the legal grand jury, that composed of twelve, or that composed of thirteen? Does it require the slightest degree of legal acumen to answer this question? We think not; but on the contrary, we would have thought that a mere tyro in the profession would be master of the proposition and capable of solving it correctly. That the Constitution controls, and hence a grand jury must be composed of twelve persons, neither more nor less, is so clear a proposi-

tion as to be placed beyond the pale of discussion. There is nothing about which we can reason unless it be as to which is the supreme law of the State, a constitutional provision or an act of the Legislature. We will pursue this part of the subject no further than to remark that any matter declared by the Constitution cannot be ignored or changed by legislation. Section 29 of the Bill of Rights expressly declared that, 'to guard against transgressions of the high powers herein delegated, we declare that everything in this "Bill of Rights" is excepted out of the general powers of government, and shall forever remain inviolate, and all laws contrary thereto or to the following provisions shall be void.' All remaining portions of the instrument are thus evidently embraced and referred to."

In Trevinio v. State, 11 S. W. 447, Presiding Judge White used language as follows: "After a grand jury has completed its labors, and been discharged as a body for the term by the court, as a body it ceases to exist, and its autonomy and personnel are in a measure, if not completely, changed and destroyed. When it is sought to reassemble them, our statute upon the subject is that, 'when a grand jury has been discharged by the court for the term, it may be reassembled by the court at any time during the term; and, in case of failure of one or more of the number to reassemble, the court may complete the panel by impaneling other qualified persons in their stead, in accordance with the rules prescribed in this chapter for completing the grand jury in the first instance.' Code Crim. Proc. art. 391. We think it clear, from the phraseology of this statute, that it was within the contemplation and intention of the legislature that, when the grand jury was reassembled, they could only be reorganized and impaneled with 12 men; that there must be at least that many present; that no less number would suffice; and that, if there were not 12 present, that number should be completed by impaneling other qualified persons to make up the deficiency to 12."

In Lott v. State, 18 Tex. Cr. R. 627, in holding that Lott had not been indicted by a legal grand jury, Judge Willson, speaking for the court, said:

"It is provided in the Bill of Rights of this State, section 19, that 'No citizen of this State shall be deprived of life, liberty, property or privileges, outlawed, exiled or in any manner disfranchised, except by due course of the law of the land.' And again, it is declared that 'No person shall be held to answer for a criminal offense unless on indictment of a grand jury,' etc. (Bill of Rights, section 10.)

"We see from these provisions that a citizen can only be convicted and punished for a felony by due course of the law of the land, and by authority of an indictment of a grand jury. The district court can only acquire jurisdiction to hear and determine a felony case, by an indictment of a grand jury. It has no more authority to hear and determine a felony case, without an indictment of a grand jury first presented, than would a justice of the peace. No court in this State has such jurisdiction and authority.

"What constitutes a grand jury? Our Constitution answers the question plainly and emphatically. It says: 'Grand and petit juries in the district courts shall be composed of twelve men; but nine members of a grand jury shall be a quorum to transact business and present bills.' (Const., art. V, sec. 13.) There is no authority of law for a grand jury composed of any other number of men than twelve. Thirteen men do not and cannot constitute a grand jury. If thirteen could be considered a grand jury, so could one, five, fifty, or any other number that the fancy of the judge organizing the same might dictate. With respect to a petit jury, it is well settled that it must consist of the exact number prescribed by the Constitution. In Stell v. the State, 14 Texas Ct. App., 59, it is said: 'The record must show that the jury was a legal one, and if it does not the error is a radical one which will be considered on appeal, whether properly availed of in the court below or not, because due course of the law of the land demands a legal conviction by a legal jury.' (See, also, Marks v. the State, 10 Texas Ct. App. 334; Allen v. the State, 54 Ind., 441; Brown v. the State, 16 Ind. 496; Hill v. the People, 16 Mich. 351; Work v. the State, 2 Ohio St. Rep., 296; S. C., 1 Leading Cr. Cas., 482.) And it has been held that a jury of thirteen is as fatal as one of less than twelve, and their verdict will be set aside. (Whitehurst v. Davis, 2 Haywood (N. C.), 113; Wolfe v. Martin, 1 Howard (Miss.), 30.)

"If, then, a trial by petit jury composed of fewer or more than twelve, the constitutional number, be an infringement of the right of trial by jury, and not a trial by 'due course of the law of the land,' for the same reason the action of a body of men, fewer or more than twelve in number, cannot be regarded as the action of a grand jury. Such a body of men is unknown to the law, and its acts, being wholly without authority of law, are absolutely null, and a pretended indictment preferred by such body can have no legal standing or effect whatever. It cannot confer any jurisdiction of the case upon the court.

"Our conclusion is that the matter presented by the motion in arrest of judgment is fundamental, and reaches to the very foundation of this prosecution. It shows that the court in which this trial and conviction were had was without any jurisdiction of the case. Its assumed jurisdiction was in violation of the Bill of Rights. Such being the case, it matters not in what manner, or at what stage of the proceedings, this want of jurisdiction is presented. If presented for the first time on this appeal, it would be held fatal to the conviction. Or if it affirmatively appeared from the record that the defendant had been convicted of a felony without being indicted therefor by a grand jury, we would set aside the conviction and dismiss the prosecution for want of jurisdiction in the trial court, although the defendant had not, in any manner, made the objection."

Art. 372, C. C. P., provides: "A grand jury discharged by the court for the term may be reassembled by the court at any time during the term. If one or more of them fail to reassemble, the court may complete the panel by impaneling other men in their stead in accordance with the rules provided in this chapter for completing the grand jury in the first instance."

Giving application to the announcement of the decisions of this court, we conclude that according to the provisions of Art. 372, supra, the court was required to impanel a grand jury of twelve men when he reassembled the grand jury which had theretofore been discharged for the term. This is not a case involving the adjournment of the grand jury and is therefore not controlled by the holding of this court in Leech v. State, 139 S. W. 1147.

In view of the fact that the indictment under which appellant is held was found by a grand jury whose organization was void, relator is entitled to seek relief by way of habeas corpus. We quote from 21 Texas Jurisprudence, 432, as follows: "An indictment found by a body of persons other than a legally constituted grand jury will be set aside on habeas corpus." In support of the text several authorities are cited, among them being Ex parte Love, 49 Crim. Rep. 475, and Ex parte Reynolds, 35 Crim. Rep. 437. See Ogle v. State, 63 S. W. 1009.

Relator is ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.