YSIDRO BUSTAMENTE V. THE STATE.

No. 21047. Delivered May 8, 1940.

The opinion states the case.

*R. R. Smith* and *Frank W. Steinle,* both of Jourdanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of murder and his punishment assessed at confinement in the State penitentiary for a term of ten years.

By Bill of Exception No. 1 he questions the validity of the indictment upon which he was convicted of the offense therein charged. It appears that on or about the 9th day of October, A. D., 1939, the grand jury in and for Atascosa County was duly empanelel by the judge of the District Court of said county at a regular term of said court; that on or about the 18th day of October, after having finished its labor, the court, by an order fully made and entered upon the minutes of said court, discharged said grand jury for the term. Thereafter, on the 24th day of October, 1939, the court entered an order re-convening the grand jury which had theretofore been finally discharged for the term and ordered that the grand

jury be summoned to re-appear in court on the 25th day of October to perform further services as such grand jury. Only eleven of the grand jurors re-appeared, and this indictment was found and returned by such grand jury composed of eleven men. The court failed to complete the panel as provided in Art. 372, C. C. P.

It is the appellant's contention that he was indicted by an illegally constituted grand jury and that therefore his conviction upon a charge contained in said indictment is illegal and void. This same question was before this court in the case of Ex parte Bustamente, 137 S. W. (2d) 29, where the question here presented was fully discussed, and we see no need for again entering upon a detailed discussion thereof. A mere reference to the decision in that case is deemed sufficient for a disposition of this appeal inasmuch as we held in that case that the indictment was returned by an illegally constituted grand jury. In this case appellant was indicted by the same grand jury which returned the indictment in the case herein referred to.

From what has been said it follows that the judgment of the trial court be reversed and the prosecution is ordered to be dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.