TOMMY LEE SCOTT *v.* STATE OF INDIANA.

[No. 1270S309. Filed February 2, 1972.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

DEBRULER, J.—The appellant was convicted of second degree burglary in the Criminal Court of Marion County, Honorable Thomas J. Faulconer, Special Judge, presiding, and sentenced to not less than two nor more than five years. The appellant here challenges that conviction on the sole

ground that the evidence presented against him was insufficient to support a verdict of guilty beyond a reasonable doubt.

In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 255 Ind. 687, 260 N. E. 2d 558.

When examined in this light, the evidence indicates that a police officer on routine patrol saw the appellant and two others sitting in a car across from a tavern at approximately 3:30 a.m. in the morning, and spoke briefly to them. According to the officer, the appellant got out of the car at that time and said that they were waiting for a friend, one Danny Glover, to return. Upon returning to the area approximately one hour later, the officer noticed the rear door of the tavern had been forced, and subsequently determined that someone had burglarized the tavern, taking a large quantity of liquor and some coins. The officer, apparently acting on his own suspicions, proceeded to the 1600 block of South Delaware where he found the car that the appellant and his friends had been sitting in earlier that evening loaded with a large quantity of liquor. The officer knew that Danny Glover lived in the block in which the car was found, and after calling for assistance, entered his house with the consent of the owner. Inside the house he found the appellant, the appellant's two companions who had been in the car earlier, and Danny Glover, as well as a large assortment of change. All four were arrested and charged with the burglary.

Clearly, the act of finding the appellant in a house with three other men in the presence of stolen articles would not

support a conviction of second degree burglary where it was not shown that appellant lived in that house or owned the car which was found full of liquor. In the case before us, however, the appellant was seen sitting in the car in question outside the tavern at approximately 3:30 a.m. after the tavern was closed. Moreover, he told the officer at that time that he and the other occupants were waiting for Danny Glover. Several hours later the appellant was arrested in Danny Glover's house. The same car he had been sitting in earlier was outside the house and contained the liquor taken from the store, and inside the house a large quantity of change was found spread out on a blanket.

Although this case, of course, rests on circumstantial evidence to establish the guilt of the accused, these facts taken together are enough to sustain the conviction. Almost one hundred years ago, in *Dawson, et al.* v. *State* (1879), 65 Ind. 442, this Court sustained a conviction for burglary in similar circumstances. The judgment is affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 790.