Bodkin v. The State.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with leave to amend.

*Wm. M. McCarty* and *J. M. Sleeth,* for the appellant.

*Thomas A. Hendricks* and *Martin M. Ray,* for the appellees.

BODKIN *v.* THE STATE.

CRIMINAL LAW AND PRACTICE.—The record in a criminal prosecution upon indictment, should show that a grand jury was impanneled and returned the indictment into Court, according to law; but if the record, at the time of trial, fails to show such facts, it is competent, during the term at which the trial was had, for the Court to make the entry of record necessary to show such facts.

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—Indictment for retailing. Motion to quash overruled, and exception. Trial, conviction, and judgment. Before trial and conviction, the record did not show any impanneling of a grand jury, or return by that body of any indictment into Court. The Clerk says that "on the 15th day of *February,* 1862, the following indictment was filed in this cause, in the office of the Clerk of the *Grant* Circuit

Court, in the following words, to-wit," &c. After trial and conviction, which took place at the *August* term, 1862, the attention of the Court being called to this defect in the record, the Court caused an entry to be made then as of the previous term, showing the impanneling of a grand jury on the 13th of *February*, 1862, and that such grand jury then returned into open Court sundry bills of indictment, indorsed as true bills, and ordered to be recorded in the proper record. We have no doubt of the authority of the Court to make the entry, at the *August* term, as was done. But still there is nothing in the record to show that the indictment, on which the defendant was tried, was one of the bills thus returned into Court by the grand jury. The Clerk does not certify that it was one of them, nor is there anything in the record by which it can be identified as such.

*H. D. Thompson, N. W. Gordon,* and *W. R. Pierse,* for the appellant.

*Oscar B. Hord,* Attorney General, for the State.