### KIDDER ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Disturbing Religious Meeting.*—*Indictment.*—An indictment for unlawfully disturbing an assemblage charged, that the defendant, at, etc., on, etc., unlawfully interrupted, molested and disturbed a lawful assemblage of persons, met together to transact certain matters pertaining to the business of a certain church, "by talking in a loud and boisterous manner, and charging said meeting with being a mob," etc.

Kidder *et al. v.* The State.

*Held,* on motion to quash, that the indictment is sufficient.

SAME.—*Election by State.*—*Evidence.*—Where, on the trial of such indictment, evidence is given by the State, without objection by the defendant, of the disturbance by the defendant of such church when assembled for worship, and also at a time when assembled for business purposes, the evidence as to the former is incompetent, and can not be relied on for a conviction, and a motion to compel the State to elect as to which disturbance will be insisted upon for a conviction, should be overruled.

From the Jay Circuit Court.

*J. W. Headington* and *J. J. M. LaFollette,* for appellants.

*C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—The appellants were indicted in the court below, at its December term, 1874. The indictment charged, in substance, that the appellants, at Jay county, Indiana, on the 13th day of July, 1874, " unlawfully interrupted, molested and disturbed a certain collection of divers inhabitants of the State of Indiana, then and there met together for a lawful purpose, to wit, to transact certain business, and make investigation of matters pertaining to the business, of the Methodist Episcopal Church at Zoar, in said county, by then and there unlawfully talking in a loud and boisterous manner, and charging said meeting with being a mob, and using violent and abusive language, and causing great tumult among the people there assembled, and abusing the minister in charge and the presiding elder who was president of said meeting."

The appellants moved the court below to quash the indictment, which motion was overruled, and the appellants excepted.

Waiving an arraignment, the appellants, for plea to the indictment, said, that they were not guilty as therein charged. And the issues joined were tried by a jury, in the court below, and a verdict was returned, finding the appellants guilty as charged, and assessing each of them with a fine within the limits of the law. And the appel-

lants' motion for a new trial having been overruled, and their exception saved to such ruling, judgment was rendered on the verdict of the court below.

The only alleged errors of the court below, properly assigned by the appellants in this court, were the following:

1st. In overruling their motion to quash the indictment; and,

2d. In overruling their motion for a new trial.

We will consider and decide the several questions presented by these alleged errors in the order of their assignment.

1. The offence charged in the indictment, in this case, is defined in the latter clause of the 1st section of an act entitled "An act for the better protection of religious meetings, agricultural fairs, and other lawful assemblages of the people," approved March 3d, 1859. 2 R. S. 1876, p. 472, note 2, *d.*

The appellants' learned attorneys have wholly failed, in their argument of this cause in this court, to point out any objection to, or defect in, the indictment, and we can see none.

In our opinion, the motion to quash the indictment was correctly overruled by the court below.

2. Among the causes for a new trial, in the appellants' motion therefor, addressed to the court below, was the following:

"4th. The court erred in overruling the defendants' written motion to compel the State to elect which of the three meetings testified to she would rely on for a conviction, which ruling was excepted to at the time."

The motion referred to in this cause for a new trial was made by the appellants after the evidence of three witnesses for the State had been heard by the court and jury trying this case. Each of these witnesses had been permitted to testify, without any objection by the appellants, in regard to the acts of the appellants in the dis-

turbance of three different meetings of the membership
of the Methodist Church at Zoar, to wit, one held on
June 28th, one on July 12th, and one on July 13th, 1874.
The first two of these meetings were each held on Sun-
day, as religious meetings, and the last one was held on
Monday, for secular or business purposes. The indictment
against the appellants, in this case, was predicated solely
upon their alleged disturbance of the last one of these three
meetings. The evidence as to what was done by the ap-
pellants in the disturbance of the first two of said meet-
ings was clearly incompetent; but it went to the jury
without objection, and it afforded no ground whatever for
the appellants' motion. The charge was the disturbance
of a meeting of the church for the transaction of busi-
ness; the evidence showed the disturbance of only one
such meeting, and, therefore, there was no room for any
such election as the appellants moved for. It* is very
clear, we think, that the court below did not err in over-
ruling this motion.

The appellants' counsel also complain mildly, in argu-
ment, of two of the instructions of the court below to
the jury trying the cause. Of one of these two instruc-
tions, counsel for appellants use this language: "This
charge, perhaps, states the law correctly." We have
carefully examined all the instructions of the court below
to the jury, and, in our opinion, they state the law ap-
plicable to this case so fully, fairly and correctly, that it
would be a waste of time and labor to set them out and
comment upon them in this opinion.

We think that the verdict of the jury in this case was
fully sustained by sufficient evidence, and was not con-
trary to law.

In conclusion, we hold, that no error was committed by
the court below in overruling the appellants' motion for a
new trial.

The judgment of the court below is affirmed, at the
appellants' costs.