### FAWCETT v. THE STATE.

No. 9104.

CHANGE OF VENUE.—*Jurisdiction.*—*Practice.*—Where a court, having original jurisdiction of a criminal cause, grants the defendant a change of venue to another court, the mere order granting such change does not of itself constitute a change of venue. Under the statute, the court to which such change of venue is granted does not acquire jurisdiction until there is filed in the clerk's office of the same a transcript of the proceedings and orders of the court having original jurisdiction, certified by the clerk and attested by the seal of said court, together with the original papers in the case.

SAME.—*Waiver.*—Where the statutory requirements have not all been complied with in perfecting a change of venue in a criminal cause, jurisdiction can not be acquired by a court to which the venue has been changed, by the waiver or consent of the defendant.

From the Pulaski Circuit Court.

*D. B. McConnell, R. Magee* and *S. T. McConnell,* for appellant.

*D. P. Baldwin,* Attorney General, *S. P. Weyand,* Prosecuting Attorney, *D. D. Dykeman* and *W. W. Thornton,* for the State.

HOWK, J.—At the September term, 1879, of the Cass Circuit Court, the appellant and six other named persons were jointly indicted by the grand jury of that court and term. The indictment contained three counts. On the appellant's application, she was awarded a separate trial, and on her arraignment she entered a plea of not guilty. Afterward, at the November term, 1879, of the Cass Circuit Court, the cause as to the appellant was tried by a jury, and a verdict was returned finding her guilty as charged in the third count of the indictment, and assessing her punishment at imprisonment in the penal department of the Indiana Reformatory for women and girls, for the term of eight years, and a fine in the sum of $100. Afterward, at the same term of said court, on the appellant's motion, she was granted a new trial of this cause, and on her further motion the venue of the case was changed to the Pulaski Circuit Court.

At the June term, 1880, of the latter court, the case as to the appellant was again tried by a jury, and a verdict was returned finding her guilty as charged in the third count of the indictment, and assessing her punishment at a fine in the sum of $60, and imprisonment in the penal department of the Indiana Reformatory for women and girls, for the term of eight years. The appellant's motion for a new trial having been overruled and her exception saved to this ruling, she then moved the court to discharge her from custody, which motion was also overruled, and to this decision she excepted. Her motion in arrest of judgment was also overruled, and she excepted to this ruling, and the court then rendered judgment upon and in accordance with the verdict of the jury, from which judgment this appeal is now here prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the circuit court:

1. In ordering a *nunc pro tunc* entry of the filing of the

pretended transcript from the Cass Circuit Court, over her objections and exceptions;

2.   In overruling her motion for her discharge from custody, because of the insufficiency of the transcript from Cass county;

3.   In overruling her motion for a postponement until she could have time to prepare to present her motion for a new trial;

4.   In overruling her motion for a new trial;

5.   In overruling her motion in arrest of judgment;

6.   The cause should be reversed, because the transcript from the Cass Circuit Court is not sufficient to sustain the judgment; and,

7.   The cause should be reversed, because the record does not show that the court below had jurisdiction to try the cause and pronounce judgment therein.

In the consideration of this cause, we are met *in limine* with the objection to the proceedings and judgment of the Pulaski Circuit Court, apparent in the record before us, that the court had no jurisdiction to try the cause and pronounce judgment therein. The indictment against the appellant and her codefendants, which is a proper and necessary part of the record, purports on its face to have been found by the grand jurors of Cass county and returned into the Cass Circuit Court, and it charges the appellant and her codefendants with the commission of certain alleged felonies in Cass county. The record shows, therefore, as it seems to us, that the Cass Circuit Court only had original and exclusive jurisdiction of the alleged felonies, with the commission of which the appellant and her codefendants are charged in said indictment.

In section 76 of the criminal code of this State it is provided that " The defendant may show to the court by affidavit that he believes he can not receive a fair trial, owing to * * * * * * excitement or prejudice against

the defendant in the county, or some part thereof, and demand to be tried by disinterested triers." And in section 78 of the criminal code it is further provided that, " When the affidavit is founded upon excitement or prejudice in the county against the defendant, the court may in its discretion grant a change of venue to the most convenient county." 2 R. S. 1876, p. 391. It may be assumed, we think, as we have assumed in our statement of the proceedings apparently had in this case in the Cass Circuit Court, that a change of venue of this case was granted to the appellant on her motion, by that court, to the Pulaski Circuit Court. The fact that such a change of venue was granted, if it be the fact, can only be assumed, as it seems to us, for the reason that the record of this cause fails to show that such change of venue was in fact granted. We need hardly say that the fact that such change of venue was granted could only be shown either to the Pulaski Circuit Court, or to this court, by a transcript of the order granting such change, certified by the clerk of the Cass Circuit Court and attested with the seal of such court, as provided in section 4 of the act of June 7th, 1852, in relation to the clerks of the circuit courts. 2 R. S. 1876, p. 16.

The writings purporting to be copies of the proceedings had in this cause in the Cass Circuit Court, and which have been copied into the transcript of the record now before us, were not certified to be complete copies of those proceedings by the clerk and attested by the seal of that court. Therefore, those writings so copied into the record, we think, were not in any legal sense a transcript of the proceedings had in this case in the Cass Circuit Court.

In this respect the case at bar was very similar to the case of *Johnson* v. *The State*, 11 Ind. 481. In the case cited, the indictment appeared to have been found in the Montgomery Circuit Court, within the jurisdiction of which

court the offence was alleged to have been committed. The case was tried in the Boone Circuit Court. This court said: " There is no transcript from the clerk of the Montgomery Circuit Court of the proceedings in that court, nor any certificate from him that a change of venue was ever taken. There is nothing in the record showing jurisdiction in the Boone Circuit Court to try the cause."

In the case now before us, we are of the opinion, not only that there is nothing in the record to show jurisdiction in the Pulaski Circuit Court to try this cause, but that the record does in fact show that the change of venue from Cass county has never been perfected, and therefore that the jurisdiction of the person of the appellant, and of the offence for which she is indicted, has never been vested in the Pulaski Circuit Court. In other words, we think that the order granting a change of venue from Cass county did not, of itself, constitute or work such change of venue. After the order granting such change, some thing else was required by the statute, and remained, and still remains, to be done in connection therewith, before it can be said in any proper or legal sense, that the jurisdiction of the Cass Circuit Court, original and exclusive, of the person of the appellant, and of the offence charged, had been divested, under and in conformity with the requirements of the statute. Until that had happened, it was and is impossible, we think, that the Pulaski Circuit Court could have acquired, or can obtain, under the law, any jurisdiction of the appellant's person or of the offence charged. When the change of venue was granted the appellant by the Cass Circuit Court, the law required that the clerk of that court should " make a transcript of the proceedings and orders of court," in the cause, certified by the clerk and attested by the seal of said court, and cause such transcript and the

original papers in the case to be delivered and deposited in the clerk's office of the Pulaski Circuit Court. When these things have been done, and not before, it is provided in section 79 of the criminal code, that "The jurisdiction of the latter court is complete, and the cause must be docketed and stand for trial at the first term." 2 R. S. 1876, p. 392.

The record of this cause shows clearly and conclusively, that no such transcript of the proceedings and orders of the Cass Circuit Court in the case, certified and attested as aforesaid, had or has been deposited and filed in the Pulaski Circuit Court. It follows, therefore, from what we have said, that the latter court had no jurisdiction whatever of the person of the appellant or of the offence charged and that the proceedings and judgment of that court, in this case, were *coram non judice* and absolutely void. The court could acquire jurisdiction of the offence charged, only in the way and manner prescribed by the statute; and it appearing, as it does in this case, that the requirements of the statute have not been complied with, we are of the opinion that the court could not obtain jurisdiction of the alleged offence, for which the appellant was indicted, by or through any waiver or even consent, express or implied, on the part of the appellant. It is certain, we think, that the attempted change of the venue of this cause can be perfected at any time, by procuring and filing a transcript of the proceedings and orders of the Cass Circuit Court in the case, certified and attested as aforesaid, in the clerk's office of the court below, so as to invest the latter court with complete jurisdiction of the case; but, until this has been done, the cause will remain, as it has hitherto remained, within the jurisdiction of the Cass Circuit Court.

The seventh alleged error is well assigned, and for this error the judgment below must be reversed.

The judgment is reversed, and the cause is remanded for a new trial and further proceedings, in accordance with this opinion. The clerk of this court will issue the proper notice to the officer in charge of the Indiana Reformatory, for the return of the appellant to the sheriff of Pulaski county.