Leslie v. The State.

No. 10,325.

LESLIE v. THE STATE.

CRIMINAL LAW.—*Practice.*—*Change of Venue.*—*Transcript.*—*Copy of Indictment.*—*Jurisdiction.*—Upon a change of venue in a criminal case, the transcript need not contain a copy of the indictment, and the setting out of an inaccurate copy will not affect the jurisdiction of the court to which the change was ordered.

SAME.—Upon a change of venue in a criminal case, the trial proceeds upon the original indictment, which need not be copied into, but must be transmitted with, the transcript of the proceedings of the court from which the change is taken.

SAME.—*Motion in Arrest.*—*Amendment of Record.*—*Nunc Pro Tunc Entry.*—Pending a motion in arrest in a criminal case tried upon a change of venue, the court may permit a *nunc pro tunc* entry, showing the filing by its clerk of the original papers and transcript of the record of the court from which the change was taken.

SAME.—*Transmission of Papers.*—*Record.*—*Presumption.*—On a change of venue in a criminal case, it is not necessary that the record of the court to which the change is had shall show affirmatively a transmission and deposit of the papers by the proper sheriff. This will be presumed, the record not showing the contrary.

From the Cass Circuit Court.

*W. W. Sullivan, W. C. Bailey, J. L. Farrar, M. Winfield,* and *Q. A. Myers,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *E. S. Daniels,* Prosecuting Attorney, for the State.

WOODS, J.—Error is assigned upon the overruling of the motion in arrest of judgment.

Leslie v. The State.

The appellant was indicted in Miami county and procured an order for a change of venue to Cass county. In the transcript of the proceedings in the Miami Circuit Court is set forth a copy of the indictment, which does not correspond fully with the original indictment which was transmitted and filed with the transcript, in the Cass Circuit Court. Upon the filing of the motion in arrest, the prosecuting attorney made a motion, supported by affidavits, for a *nunc pro tunc* entry, showing the receipt and filing by the clerk of the Cass Circuit Court of the transcript and original papers, transmitted from the Miami Circuit Court. This motion the court sustained; the *nunc pro tunc* entry was made, and the motion in arrest was then overruled. After this was done, the court permitted the prosecuting attorney to file an amended transcript of the proceedings in the Miami Circuit Court, containing a copy of an indictment corresponding in all respects with the original indictment, which had been transmitted with the first transcript, and upon which the appellant was tried.

The appellant excepted to the making of the *nunc pro tunc* order, and filed a bill of exceptions, which certifies that, at the time the motion in arrest was made, the records of the Cass Circuit Court did not show that the transcript of the proceedings in the Miami Circuit Court and the original papers in the cause, including the indictment, had been deposited or filed in the clerk's office of the Cass Circuit Court, nor was there anything upon the record of that court to show that the original indictment was before the court, nor were the transcript and papers marked filed by the clerk of the Cass Circuit Court; and the only record was the title of the cause, with a designation of the offence charged, and an indication of the change of venue from Miami county upon the issue docket.

It is not clear that the error assigned brings into question the correctness of, or the right of the court to make, the *nunc pro tunc entry*, and if it does not, there was certainly no error in overruling the motion in arrest, because, upon the facts sup-.

plied by that entry, it is clear that the court had jurisdiction under an indictment found by a proper grand jury, and that the count in the indictment, upon which the appellant was convicted, contained a good charge of a public offence.    R. S. 1881, section 1843.

The court, however, had the clear right to correct its records for the term, so as to show upon what papers the defendant was arraigned and tried. *Bodkin* v. *State,* 20 Ind. 281 ; *Knight* v. *State,* 70 Ind. 375 ; *Smith* v. *State,* 71 Ind. 250.

The file-mark of the clerk upon a paper is only evidence of the filing, which, under the order of the court at least, and perhaps without such order, may be supplied at any time when the omission is discovered, so long as the proceedings are *in fieri,* and, whether the omission be supplied or not, the jurisdiction of the court is not involved.

It is insisted, on the authority of *Fawcett* v. *State,* 71 Ind. 590, that the court in Cass county did not get jurisdiction because the indictment, of which a copy was given in the transcript, did not accompany the transcript, but a different indictment, and that the one set out in the transcript does not charge a public offence.    That case, however, was not like this, and affords no support to the argument.

The criminal code, R. S. 1881, section 1771, requires that when a change of venue has been ordered, the clerk shall "immediately make a transcript of the proceedings and orders of court, and, having sealed up the same with the original papers, shall deliver them to the sheriff, who must, without delay, deposit them in the clerk's office of the proper county." It is not required that the transcript contain a copy of the indictment, and if an inaccurate or defective copy is given, it can not well be material, because the original indictment, which is sufficiently identified by being sealed up and transmitted with the transcript and other papers, is the basis of the prosecution, and when it has been so deposited, together with the transcript and other papers, in the clerk's office of the proper county, the court of that county thereby acquires jurisdiction.

It is not necessary that the record shall show affirmatively that the transmission and deposit of the papers were made through and by the proper sheriff. It will be presumed, the contrary not being shown by the record, that the requirements of the law in such particulars were complied with.

Judgment affirmed.