Duncan v. The State.

No. 10,444.

## DUNCAN v. THE STATE.

CRIMINAL LAW.—*Practice.—Change of Venue.—Jurisdiction.*—The court to which a change of venue has been ordered acquires jurisdiction upon the deposit with its clerk of the original indictment and a transcript of the proceedings of the court from which the change was taken; and, upon appeal to the Supreme Court, copies of these documents and of the notation of the filing of them set forth in the transcript are sufficient to show the jurisdiction of the trial court.

SAME.—*Transmission of Papers.— Indictment.—Presumption.*—The contrary not appearing, it will be presumed on appeal, in a case wherein there has been a change of venue, that the indictment was sealed up and transmitted from one court to the other, in the manner prescribed in the statute. The indictment need not be attached to the transcript.

SAME.—*Clerk's Recitals in Transcript.—File-Marks.—Evidence.*—Captions and recitals made by the clerk upon a transcript, if not evidence of the filing of papers, are requisite and proper for the identification of the papers referred to, and with copies of the file-marks are proper proof of the existence and filing of such papers.

SAME.—*Verity of Record.—Instructions.—Presumption.*—It must be presumed on appeal that the transcript is accurate; and, consequently, it can not be presumed that an affirmative statement in an instruction was given negatively, though it plainly ought to have been so given.

SAME.—*Self-Defence.—Evidence.—Defendant as Witness.—Belief of Danger.*— It makes a case of self-defence if the accused, being without fault, resists his adversary in the reasonable belief that his own life is in danger; and, consequently, the defendant, upon a charge of homicide or felonious assault, may testify concerning his belief of danger and the grounds for it.

SAME.—*Belief and Intention Not Identical.*—The testimony of a defendant upon a charge of felonious assault, that he intended to defend himself, is not equivalent to testimony that he believed himself in peril of life or limb.

From the Jennings Circuit Court.

*J. B. Brown*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. G. Holland*, Prosecuting Attorney, for the State.

WOODS, J.—The appellant was indicted in the Clark Circuit Court for a felonious assault and battery, and, having procured a change of venue, was tried and convicted in the Jennings

Circuit Court. He moved in arrest of judgment, and now claims that the motion was improperly overruled, because the record fails to show that the latter court acquired jurisdiction. His counsel says:

" The appellant is complaining because the record of the court that tried him shows a want of jurisdiction so to do, for the reason that there is no statement whatever in the records of that court, that the ·original indictment, which was found by the grand jury of Clark county, was ever transmitted to the court below, or ever filed therein, or that he was ever tried upon said original indictment. Nor does the transcript of the proceedings of this case in the Clark Circuit Court, or the certificate of the clerk of the Clark Circuit Court attached thereto, show that the original indictment was transmitted or sealed up with the original papers, or delivered to any one to be transmitted to the Jennings Circuit Court.

*　*　*　*　*　*　*···*　*　*　*

"Before a defendant in a criminal case can be rightfully put upon his trial, the record of his case in the court in which he is to be tried must affirmatively show that all the facts exist, and that all of the legal requirements which are necessary to give the court jurisdiction of his person and the subject-matter of the offence with which he stands charged, have been complied with."

When an order for a change of venue in a criminal case has been made, the practice act requires that " The clerk must thereupon immediately make a transcript of the proceedings and orders of the court, and, having sealed up the same with the original papers, shall deliver them to the sheriff, who must, without delay, deposit them in the clerk's office of the proper county, and make his return accordingly."

And when this is done, it is also declared, that " The jurisdiction of the latter court is complete, and the cause must be docketed and stand for trial at the first term.". R. S. 1881, sections 1771-2.

The record in this court contains a copy of the transcript

of the proceedings in' the Clark Circuit Court, duly certified.
by the clerk of that court, together with a copy of the clerk's.
notation of the filing of that transcript in the clerk's office of
Jennings county; also a copy of the original indictment, to-
gether with a copy of the notation of the filing thereof in the
latter office, corresponding in date with the filing of said tran-
script, which also contains a copy of the indictment.    When.
these papers, the original indictment and the transcript of the·
proceedings of the Clark Circuit Court, were deposited in the
office of the clerk of Jennings county, by the letter of the
statute the jurisdiction of the court below was complete, noth--
ing further being necessary in the court below to show that,
jurisdiction; and upon appeal copies of those documents and of
the notation of the filing of them set forth in the transcript,.
and that duly certified, are ` sufficient to show that the circuit
court had acquired jurisdiction.    Doty v. State, 7 Blackf. 427 ;.
Fawcett v. State, 71 Ind. 590; Leslie v. State, 83 Ind. 180.

It is not necessary that it be made to appear affirmatively.
on the record of the court to which the change is taken, that.
the indictment was sealed up and transmitted by the hand of
the sheriff to the clerk of that court, together with the tran-
script of the proceedings of the court whence the change was
taken, in exact compliance with the letter of the statute.
The contrary not appearing, it will be presumed that the offi--
cers did their several duties in these particulars.    Leslie v..
State, supra.

Conceding it to be perhaps true, as counsel for the appel--
lant claims, that mere statements of the clerk upon the tran-
script can not be considered as a part of the record in the
Supreme Court, and that consequently a caption by the clerk,
wherein it is recited that on a day named, in vacation, cer-
tain papers were filed in his office, may not, strictly speaking,,
be evidence of such filing, yet it is clear that such recitals,
may be made for the purpose of identifying the papers which
are copied; and these copies, with copies of the file-marks,

thereon, do constitute the proper evidence of the existence and filing of the originals.

That the identity of papers in his custody, and of which he gives a transcript, may be shown by the statement or certificate of the clerk, counsel for the appellant has conceded in his brief, wherein it is said: "The clerk of the court from which the change of venue is taken ought to attach the original indictment to the transcript, and certify that the indictment attached thereto is the original indictment in the case, which the grand jury of that county returned into open court." We do not deem it necessary that there be such an attachment of the indictment to the transcript. It is enough if the original papers be sealed up with the transcript and delivered to the sheriff for transmission. *Leslie* v. *State, supra.*

The defence attempted to be made for the appellant was,. that he acted in self-defence, and when upon the stand as a witness in his own behalf, he was asked to state what was his belief, at the time he fired the shot of which he was accused,. as to·whether or not he was in danger of losing his life or of receiving great bodily harm from the assaulted party. The court, upon objection, refused to permit an answer to this. question, and when it came to charge the jury on this point said :

" It is not a question whether in the case at bar the defendant believed that he was being attacked by Piers at the time it is claimed he shot the latter, or that he apprehended such attack, and, if force was used by the defendant, the same was. reasonable and proper. The question is, whether he had the right so to believe. 　　*　　　*　　　*　　　*　　　*

" If the circumstances were such as to lead a person of ordinary prudence, judgment and courage to the conclusion that. his life was in danger, or his person in danger of great bodily harm, then the defendant had no right to so conclude."

The last clause of this instruction is so palpably wrong, that we are asked to say that the presence of the word *no* is. a clerical error, and to consider the charge as if that word

were not there; but it is plain that we can not do so. *Martin v. Martin*, 74 Ind. 207. If, in fact, the record is wrong, the proper steps should have been taken for its correction. No such step having been taken, the transcript must be presumed to be correct.

We think the first clause of the instruction wrong also. It was, in part, a question whether or not the defendant believed that he was in danger. It is said in *Wall* v. *State*, 51 Ind. 453:

"It is enough, to make out a case of self-defence, if the defendant, being without fault, believes, and has reasonable ground to believe, from the acts of the deceased, that his life is in danger, or that he is in danger of great bodily harm." To the same effect are *Runyan* v. *State*, 57 Ind. 80 (26 Am. R. 52); *West* v. *State*, 59 Ind. 113; *Batten* v. *State*, 80 Ind. 394.

Such plainly is the reasonable rule, and it necessarily follows that the court erred in refusing to permit the defendant to testify in reference to his belief. His belief was, in respect to the claim that he acted in self-defence, a material fact to be shown by any competent evidence. The defendant was a competent witness, and alone of all witnesses had personal knowledge of the fact, and had a right to declare it. What credit, if any, his testimony should have received must have been determined by the jury.

The witness did testify that his intention in shooting was to defend himself, but it is clear that this is not the full equivalent of a declaration of belief that he was in such imminent bodily peril as to call for the instant shooting of his adversary in order to defend himself.

It is claimed for the State that the evidence shows beyond dispute that the appellant was the aggressor, and, therefore, was not entitled to the right of self-defence, and, consequently, that the errors pointed out are immaterial. It is a sufficient answer to this, that there was some evidence, and the court below submitted the question to the jury, deeming the evidence sufficient to require it, and we ought not to dispose of the case in the way suggested.

Other questions are discussed, but as they may not probably arise again in their present shape, we do not consider them.

Judgment reversed, with instructions to grant a new trial, and that for that purpose the defendant be returned to the custody of the sheriff of Jennings county.