Keith v. The State.

---

No. 11,064.

## KEITH v. THE STATE.

INDICTMENT.—*Venue.—Keeping Gaming Apparatus.*—In an indictment for keeping gaming apparatus, in violation of section 2086, R. S. 1881, it is sufficient to aver that the offence was committed in the proper county and State, no more particular averment of place being necessary.

SAME.—*Change of Venue.—Clerk's Duty.— Transcript.*—Where a change of venue has been taken, it is unnecessary and impossible to show by the transcript sent to the county to which the change is taken, that the original indictment has been transmitted. It must be sent however.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellant.

*F. T. Hord*, Attorney General, *R. Gregory*, Prosecuting Attorney, and *W. B. Hord*, for the State.

ZOLLARS, J.—Appellant was indicted by the grand jury of White county on the charge of keeping for gain a gaming apparatus called *roulette*. Upon his application, the venue was changed to the Carroll Circuit Court, where he was tried, convicted and fined. From this judgment he prosecutes this appeal.

We shall consider the errors assigned in this court, in the order discussed by appellant's counsel. The prosecution is based upon section 2086, R. S. 1881, which provides that whoever keeps or exhibits for gain, or to win or gain money or other property, any gaming table, roulette, etc., shall be fined, etc.

It is insisted that the indictment is insufficient, and that the court below erred in overruling a motion to quash.

The first objection urged against the indictment is, that it does not appear from the averments therein that the roulette was kept and exhibited to win money, etc. In this counsel are mistaken. The averments are that "Harrison Keith * * * did then and there unlawfully keep and exhibit a certain gaming apparatus, to wit, a roulette wheel, and then and there unlawfully kept the same for the purpose of wagering, winning and gaining thereon money," etc.

It is next insisted that the indictment is defective in not describing with sufficient certainty the place where the roulette was kept and exhibited. This objection is not well taken. The offence is charged to have been committed in the county of White, State of Indiana. In charging an offence of this kind we think this is entirely sufficient. The statute does not make any particular place or locality an ingredient of the offence, nor can any judgment rendered upon a conviction have reference to any particular place or locality. Moore Crim. Law, section 165; 1 Bishop Crim. Proc. 372; *Howard* v. *State*, 6 Ind. 444; *App* v. *State*, *ante*, p. 73.

The next reason urged for a reversal of the judgment is thus stated by appellant's counsel: "In the Carroll Circuit Court, the appellant objected to the court assuming jurisdiction over him or the cause, and moved to quash the proceed-

ings. The objection to the proceedings and judgment of the Carroll Circuit Court is this, that the transcript of the proceedings in the White Circuit Court does not disclose the fact as to whether the original indictment was transferred or transmitted to the Carroll Circuit Court." This objection, we think, is not well taken. Following the title of the cause it is stated in the record, as made by the clerk of the Carroll Circuit Court, that on the 3d day of April, 1883, the sheriff of White county deposited in the clerk's office of Carroll county, sealed up and directed to said clerk, " the following transcript of the proceedings and orders of the White Circuit Court in the above entitled cause, together with the original papers therein, being the original indictment," etc.

Following this, the transcript is set out in full. In this transcript it is shown that an indictment, number 15, for keeping gaming apparatus, was returned by the grand jury of White county, " which reads as follows." Here follows the indictment, set out in full, with the endorsements thereon.

Following this is the application for and the order granting a change of venue from the county, and the recognizance of appellant to appear in the Carroll Circuit Court, etc., to answer to an indictment against him for keeping a gaming apparatus, etc. The clerk of the White Circuit Court, in his certificate to the transcript, certifies that it is a full, true and complete transcript of the proceedings in the White Circuit Court, of the return by the grand jury of an indictment numbered 15, against Harrison Keith, for keeping gaming apparatus, and the proceedings thereon, etc. In the record before us, there is the following statement by the clerk of the Carroll Circuit Court: " Which original indictment is as follows." Here the indictment is set out in full, and is identical with that set out in the transcript as made by the clerk of the White Circuit Court. In his certificate to the record, the clerk of the Carroll Circuit Court certifies that the record is a full, true and complete copy of all the proceedings in the cause and papers filed, and that the record

contains a true copy of the original indictment and papers filed in his office by the sheriff of White county. From these several statements in the transcript and record, there can be no manner of doubt about the original indictment having been filed by the proper officer in the clerk's office of Carroll county, or of appellant having been tried upon it.

The statute fixing the duties of clerks, after a change of venue has been granted, is as follows: "The clerk must thereupon immediately make a transcript of the proceedings and orders of court, and, having sealed up the same with the original papers, shall deliver them to the sheriff, who must, without delay, deposit them in the clerk's office of the proper county," etc. Section 1771, R. S. 1881. When so filed, the jurisdiction of the latter court is complete. Section 1772, R. S. 1881. The clerk of the White Circuit Court was, under section 1771, *supra,* required to make a complete transcript of the proceedings in the cause in that court, and, having sealed up the same with the original papers, deliver them to the sheriff. It was his duty, also, to attach to the transcript a proper certificate. But we know of no statute or rule of practice which required him to certify in any way that the papers and transcript were transmitted to the clerk's office of Carroll county. He was required to certify to the proceedings in the cause in the White Circuit Court, but not to what he may have done after those proceedings were closed. Indeed, it is difficult to see how he could certify to a transmission of the papers, as they could not be transmitted until after they were out of his custody.

If the record were less explicit upon the transmission and filing of the original indictment in the clerk's office in Carroll county, it would be sufficient, as the presumption would obtain that the officers did their duty under the law. *Leslie* v. *State,* 83 Ind. 180; *Duncan* v. *State,* 84 Ind. 204. If the record, as made by the clerk of the Carroll Circuit Court, contained nothing showing that the indictment was filed in the clerk's office in Carroll county, a different question would be

presented, and the case of *Adell* v. *State*, 34 Ind. 543, might be cited as authority.

The indictment, "No. 15," charges appellant with unlawfully keeping and exhibiting gaming apparatus. In his certificate, and other portions of the transcript, the clerk of the White Circuit Court describes the indictment, "No. 15," returned by the grand jury, as one for keeping gaming apparatus. Appellant contends that by reason of this difference in the indictment, and the description by the clerk, we can not know that the indictment upon which he was tried is the original indictment. This argument is too technical. The number is the same, and the indictment is set out in full in the transcript, and identified as the one returned by the grand jury.

Having examined all of the questions made and discussed by counsel, and finding no error in the record, the judgment is affirmed, at the costs of appellant.