No. 10,764.

## BRIGHT v. THE STATE.

CRIMINAL LAW.—*Change of Venue.—Original Papers.—Affidavit.*—On a change of venue in a criminal cause, the affidavit for such change of venue is not an "original paper," within the meaning of that expression as used in section 1771, R. S. 1881.

SAME.—*Motion in Arrest of Judgment.—Evidence.*—A motion in arrest of judgment in a criminal cause questions only the jurisdiction of the cause and the sufficiency of the indictment or affidavit and information; in no case does such motion call in question the sufficiency of the evidence to sustain the verdict.

From the Hancock Circuit Court.

*D. S. Gooding* and *M. B. Gooding,* for appellant.

*F. T. Hord,* Attorney General, *L. P. Newby,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case the appellant was indicted, tried by a jury and found guilty of the crime of perjury; and, over his motions for a new trial and in arrest of judgment, he was sentenced to the State's prison for the term prescribed in the verdict.

In this court the only error insisted upon by the appellant is the overruling of his motion in arrest of judgment. The motion in arrest was in writing, and the following causes were assigned therein for such arrest:

1. Because the grand jury, who found the indictment, had no legal authority to enquire into the offence charged.

2. Because the facts stated in the indictment do not constitute a public offence.

3. Because the jury failed to find a verdict on the second count of the indictment, and were discharged without the defendant's consent.

In section 1843, R. S. 1881, it is provided as follows: "A motion in arrest of judgment is an application in writing, on the part of the defendant, that no judgment be rendered on a plea or verdict of guilty or finding of the court, and may be granted by the court for either of the following causes:

"*First.* That. the grand jury which found the indictment had no legal authority·to enquire into the offence charged, by reason of its not being within the jurisdiction of the court.

"*Second.* That the facts stated in the indictment or information do not constitute a public offence.

" The court may also, on its view of any of these defects,. arrest the judgment without motion."

It is manifest, therefore, that the third cause assigned in. appellant's motion is wholly unauthorized by the statute and affords no ground whatever for the arrest of the judgment. "A motion in arrest of judgment, in a criminal case, will lie on but two grounds: 1. That the court had no jurisdiction of the case; 2. That the facts stated do not constitute a public offence." *Merrick* v. *State,* 63 Ind. 327, and cases cited. If it appear on the face of the indictment or information, either that the offence charged is not within the jurisdiction of the· court, or that the facts stated in the indictment or information do not constitute a public offence, a motion in arrest of judgment will lie, and must be sustained.

In the case at bar, the charge of perjury in both counts of the indictment was predicated upon an affidavit subscribed and sworn to by the appellant, at and in the county of Hancock, in this State, on the 7th day of November, 1881, before a notary public of said county. It was charged, among other· things, that the affidavit was then and there made by the appellant for the express purpose of aiding and assisting Henry Presser to have and obtain a new trial in a certain criminal cause there pending before the court below, wherein the State was plaintiff and Henry Presser and another were defendants, charged with the crime of assault and battery with intent to kill and murder, said charge having been legally preferred by indictment in the circuit court of Hamilton county, in: this State, against said Henry Presser and others, and the venue of said cause, as to said Henry Presser and another, afterwards legally changed to the circuit court of Hancock county, etc.

In discussing the alleged error of the trial court in over-ruling the motion in arrest of judgment, the appellant's counsel say : " This motion, we think, should have been sustained by the court below, because the evidence shows that the original papers in the case of *State* v. *Henry Presser* (77 Ind. 274), on indictment for assault and battery with intent to kill and murder, on change of venue from the Hamilton Circuit Court to the Hancock Circuit Court, were never filed in the clerk's office of the Hancock Circuit Court. The original paper, never filed, was the affidavit for the change of venue from Hamilton county. This affidavit was an original paper in that case, without the filing of which in the clerk's office of the Hancock Circuit Court that court could have no jurisdiction of the case."

It is clear, we think, that the sufficiency or insufficiency of the evidence in a criminal cause can not be called in question by a motion in arrest of judgment. But if it were otherwise, it would seem to us that counsel are mistaken in assuming, as they do, that an affidavit for a change of venue in a criminal cause is an " original paper," within the meaning of that expression as used in section 1771, R. S. 1881, or that the jurisdiction of the court to which the change of venue is taken depends upon the filing of the affidavit for such change in the clerk's office of that court. What is meant by the expression " original papers," as used in the statute, is the original indictment, or the original affidavit and information in which the defendant is charged with a public offence. In *Duncan* v. *State*, 84 Ind. 204, after citing sections 1771 and 1772, R. S. 1881, this court said : * * * * " When these papers, the original indictment and the transcript of the proceedings of the Clark Circuit Court, were deposited in the office of the clerk of Jennings county, by the letter of the statute the jurisdiction of the court below was complete, nothing further being necessary in the court below to show that jurisdiction ; and upon appeal copies of those documents and of the notation of the filing of them set

forth in the transcript, and that duly certified, are sufficient to show that the circuit court had acquired jurisdiction. *Doty* v. *State*, 7 Blackf. 427; *Fawcett* v. *State*, 71 Ind. 590; *Leslie* v. *State*, 83 Ind. 180." *App* v. *State*, *ante*, p. 73; *Keith* v. *State*, *ante*, p. 89.

We are of opinion, therefore, in the case in hand, that the court committed no error in overruling appellant's motion in arrest of judgment.

The judgment is affirmed, with costs.