## KIRSCHBAUM v. STATE OF INDIANA.

[No. 24,583. Filed October 8, 1925.]

1. INDICTMENT.—*Reasons for quashing indictment or affidavit must appear on face thereof and are limited to those specified in the statute.*—The reasons for quashing an indictment or affidavit must appear on the face of the pleading attacked, and are limited to those specified in the statute. p. 515.

2. DISTURBANCE OF PUBLIC ASSEMBLAGE.—*Affidavit charging disturbance of public meeting held sufficient.*—An affidavit charging the defendant with disturbing a public meeting under §2547 Burns 1926, §2349 Burns 1914, Acts 1905 p. 584, which alleged that the defendant unlawfully interrupted, molested and dis-

turbed a collection of the inhabitants of the state, met together for a lawful purpose, in a certain county of the state, setting out the manner of the disturbance, is sufficient.    p. 515.

3. CRIMINAL LAW.—*On appeal from justice to circuit court, presumed that justice performed his duty, as to transmitting original papers.*—When an appeal is taken from a justice of the peace to the circuit court, the statute requires the justice to transmit "all the papers in the case" (§2113 Burns 1926, §1951 Burns 1914), together with the recognizance and transcript of the proceedings, to the clerk of the circuit court, and, the contrary not appearing, it is presumed that he has performed his duty.    p. 517.

4. CRIMINAL LAW.—*Motion in arrest of judgment does not raise question whether defendant was tried on original affidavit or copy.*—On appeal from a justice of the peace, the question whether the defendant was tried on the original affidavit filed with the justice or on a copy thereof cannot be raised by a motion in arrest of judgment.    p. 517.

5. CRIMINAL LAW.—*On appeal from justice of the peace, record not required to show filing of original papers with clerk, and failure in this respect does not justify arrest of judgment.* —On appeal from a justice of the peace, the statute does not require the justice to make a record showing that the original affidavit was among the papers filed with the clerk of the circuit court; hence, the failure of the justice to show this fact would not be ground for a motion in arrest of judgment.    p. 517.

6. CRIMINAL LAW.—*It is incumbent on appellant to present transcript that affirmatively shows error.*—The presumption being in favor of the regularity and correctness of the rulings of the trial court, it is incumbent on appellant to present a transcript that affirmatively shows the commission of the error complained of.    p. 517.

7. CRIMINAL LAW.—*Before Acts 1925 p. 490, §2326 Burns 1926, became effective, motion for new trial was precluded by previous motion in arrest of judgment, and would not be considered on appeal.*—Prior to the amendment of §2159 Burns 1914 in 1925 (Acts 1925 p. 490, §2326 Burns 1926), the filing of a motion for a new trial was precluded by a previous motion in arrest of judgment except when the grounds of the motion for a new trial were unknown at the time the motion in arrest was made, and a motion for a new trial filed after a motion in arrest would not be considered on appeal.    p. 519.

From Pulaski Circuit Court; *William C. Pentecost,* Judge.

August Kirschbaum was convicted of disturbing a public meeting, and he appeals. *Affirmed.*

*Reidelbach Brothers, Harry W. McDowell* and *John M. Spangler,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

WILLOUGHBY, C. J.—The action was a prosecution based upon an affidavit of one May Felix before O. S. Kelso, a justice of the peace of Monroe township, Pulaski county, Indiana, charging the appellant with having unlawfully interrupted, molested and disturbed a certain collection of divers inhabitants of the state, met together for a lawful purpose, in Pulaski county, Indiana, on July 14, 1923.

Upon an affidavit for change of venue, the cause was venued to M. L. Graves, a justice of the peace of said Monroe township, before whom the case was tried and judgment rendered against appellant. From the judgment of said justice of the peace, the appellant appealed to the Pulaski Circuit Court of Indiana, where the case was tried before a jury, which returned a verdict against the appellant. The Pulaski Circuit Court rendered judgment on the verdict from which judgment the appellant appeals. The only errors properly assigned are: That the court erred in overruling appellant's motion to quash the affidavit; that the court erred in overruling appellant's motion in arrest of judgment; that the court erred in overruling appellant's motion for a new trial.

The charging part of the affidavit is as follows: "May Felix, being first duly sworn upon oath says, that August Kirschbaum, on the 14th day of July, 1923, at the county and State aforesaid, did then and there unlawfully interrupt, molest and disturb a certain collection of divers inhabitants of said State, then and there

met together for a lawful purpose, by then and there talking loudly and unnecessarily, using threatening, abusive, profane and obscene language and otherwise behaving rudely."

This prosecution is filed under §2547 Burns 1926, §2349 Burns 1914, §453 of an Act concerning Public Offenses, approved March 10, 1905, being ch. 169 of said acts, Acts 1905 p. 584. This section is a re-enactment of §1988 R. S. 1881, which was a substantial re-enactment of a section of an act of the legislature, approved November 30, 1865.

The appellant's motion to quash the affidavit was on the following grounds: (1) That the facts stated in the affidavit do not constitute a public offense; (2) that said affidavit does not state the offense with sufficient certainty. These causes are the second and fourth causes named in §2227 Burns 1926, §2065 Burns 1914, as reasons for quashing an indictment or affidavit.

The reasons for quashing the affidavit must appear upon the face of the affidavit itself. A motion to quash an indictment is statutory and must be limited by such statute. Motions to quash point only to the sufficiency of the pleading attacked, the same as a demurrer tests a pleading in civil actions. *Davis* v. *State* (1879), 69 Ind. 130; *Scott* v. *State* (1911), 176 Ind. 382.

It is alleged in this affidavit that the appellant unlawfully interrupted, molested and disturbed a certain collection of divers inhabitants of the state met together for a lawful purpose in Pulaski county, Indiana, on July 14, 1923. The manner of such disturbing and molesting was fully stated and set forth in such affidavit. In *Kidder* v. *State* (1877), 58 Ind. 68, and *Howard* v. *State* (1882), 87 Ind. 68, affidavits substantially the same as this one were held sufficient.

We hold in this case that the motion to quash the affidavit was properly overruled.

Appellant complains that the court erred in overruling his motion in arrest of judgment. Section 2326 Burns 1926, §2159 Burns 1914, provides as follows: "A motion in arrest of judgment is an application in writing on the part of the defendant asking that no judgment be rendered on a plea, finding or verdict of guilty, and may be granted by the court for either of the following causes: 1. That the grand jury which found the indictment had no legal authority to inquire into the offense charged, for the reason that such offense was not within the jurisdiction of the court. 2. That the facts stated in the indictment or affidavit do not constitute a public offense. The court may also on its view of any of these defects, arrest the judgment without motion. The effect of allowing a motion in arrest of judgment is to place the defendant in the same situation in which he was before the indictment was found or affidavit filed, except in cases otherwise provided for." This section has been amended since appellant was convicted by adding the following proviso: "That such motion in arrest of judgment may be filed either before or after the motion for a new trial and the filing of such motion shall not preclude the right of defendant to subsequently file his motion for a new trial." §2326 Burns 1926, Acts 1925 p. 490, ch. 203.

Section 2111 Burns 1926, §1949 Burns 1914, provides for an appeal from a judgment rendered in a criminal case by a justice of the peace. Section 2112 Burns 1926, §1950 Burns 1914, provides that, on such appeal, the prisoner shall give a recognizance bond and prescribes the form of bond. Section 2113 Burns 1926, §1951 Burns 1914, provides that such recognizance, together with the transcript of proceedings and all papers in the case, shall be forthwith filed by the justice of

the peace with the clerk of the proper court, who shall docket such cause for trial and record such recognizance forthwith and enter the same on the judgment docket. The appellant claims that when the justice of the peace filed the recognizance and transcript of the proceedings as required by §2113 Burns 1926, §1951 3-6. Burns 1914, in the Pulaski Circuit Court, no record was made to show that the original affidavit was among the papers so filed and that on the failure of the record to so show, the court was without jurisdiction to try the case. In this, the appellant is mistaken. The case was properly in the Pulaski Circuit Court. In *State, ex rel.,* v. *Cressinger* (1883), 88 Ind. 499, the court held that the failure of the justice of the peace to perform his duty in sending up a transcript within the time fixed by statute, when the appeal is properly taken from the judgment, does not deprive the party of his appeal. The question as to whether or not the appellant was tried upon the original affidavit filed with the justice of the peace or only a copy thereof cannot be raised by a motion to quash the affidavit or by a motion in arrest of judgment. In *O'Brien* v. *State* (1890), 125 Ind. 38, 9 L. R. A. 323, it was held that where a change of venue from the county is taken in a criminal case, the statute makes it the duty of the clerk of the court where the cause originated to make a transcript of the proceedings had in that court, and to seal it up, together with the original papers, and deliver the same to the sheriff of his county, whose duty it is to deposit the package in the clerk's office of the county to which the change of venue is taken. When such transcript has found its way to the court to which the venue has been changed, it must be presumed that it did so in the manner prescribed by law, and the contrary not appearing, it must be presumed that the original papers accompanied the

transcript.  If such was not the case, it was incumbent
on the defendant to make that fact affirmatively ap-
pear in order to raise the question of jurisdiction.   In
that case, a change of venue was taken from the Hunt-
ington Circuit Court to the Wells Circuit Court and the
court said:  "The transcript seems to have found its
way to the Wells Circuit Court, and we must presume
that it did so in the manner prescribed by law, and the
contrary not appearing, we must presume that the
original papers accompanied the transcript.   We are
bound to presume that public officers do their duty until
the contrary is made to appear. *Leslie* v. *State*, 83 Ind.
180; *Duncan* v. *State*, 84 Ind. 204; *App* v. *State*, 90
Ind. 73; *Bright* v. *State*, 90 Ind. 343.   If the original
papers had not been filed in the Wells Circuit. Court
it was incumbent on the appellant to make the fact
affirmatively appear; the fact was susceptible of proof,
which was necessarily at hand, and could have been
introduced without hardship or even inconvenience to
the appellant."   The statute does not require that a
record shall be made of the fact of filing of an indict-
ment and hence the state cannot be prejudiced because
there is no such record.   See, also, *Holloway* v. *State*
(1876), 53 Ind. 554; *Scott* v. *State* (1911), 176 Ind.
382.   In *Katzen* v. *State* (1922), 192 Ind. 476, the court
held that nothing appearing of record to the contrary,
all presumptions are in favor of the jurisdiction as-
sumed by the trial court.   The presumption is in favor
of the regularity and legal correctness of the action of
the trial court in its rulings on matters prior to and
during the progress of the trial, and, therefore, it is
incumbent on appellant who asserts error in such mat-
ters to present a transcript that affirmatively shows the
commission of the error of which complaint is made.
*Scott* v. *State*, *supra*.   The court did not err in over-
ruling appellant's motion in arrest of judgment.

It appears from the record that appellant's motion in arrest of judgment was filed in open court on the day of trial September 19, 1923, and the court overruled the motion on October 3, 1923, just three days before the September term of court closed. Appellant's motion for a new trial was filed October 15, 1923, with the clerk in vacation and the motion was ruled on by the court on December 17, 1923, before judgment was rendered on the verdict. It is conceded that appellant's causes for a new trial were not discovered after the motion in arrest of judgment had been made.

The rule is well established in this state that the filing of a motion for a new trial is precluded by a previous motion in arrest of judgment except when 7. the grounds of the motion for a new trial were unknown at the time the motion in arrest was made. This was the rule at common law and the rule has been established, upheld and adhered to by this court, since before the enactment of the Code to the present time. *Rogers* v. *Maxwell* (1853), 4 Ind. 243; *McKinney* v. *Springer* (1855), 6 Ind. 453; *Weathered* v. *Bray* (1856), 7 Ind. 706; *Anthony* v. *Lewis* (1856), 8 Ind. 339; *Gillespie* v. *State* (1857), 9 Ind. 380; *Shrewsbury* v. *Smith* (1859), 12 Ind. 317; *Daily* v. *Nuttman* (1860), 14 Ind. 339; *Cincinnati, etc., R. Co.* v. *Case* (1890), 122 Ind. 310; *Eckert* v. *Binkley* (1893), 134 Ind. 614; *Yazel* v. *State* (1908), 170 Ind. 535; *Kelley* v. *Bell* (1909), 172 Ind. 590; *Turner* v. *State* (1910), 175 Ind. 1; *Conant* v. *First Nat. Bank, etc.* (1917), 186 Ind. 569; *Page* v. *State* (1923), 193 Ind. 442.

In view of the well-established rule in this state, we must hold that when a motion in arrest of judgment was made and overruled before the motion for a new trial was filed, we must refuse to consider the motion for a new trial except only where the grounds for a

new trial were unknown at the time the motion in arrest was made. This rule has been changed by legislative action. See Acts 1925 p. 490, but the act of 1925 is not retroactive.

Judgment affirmed.